## Meagher, Appellant, v. Commonwealth.

Argued May 26, 1970. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*Hazel Mardis Meagher,* appellant, in propria persona.

*Raymond C. Miller,* Deputy Attorney General, with him *Edward Friedman,* Counsel General, and *William C. Sennett,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, July 2, 1970:

This case is a trespass action filed by the plaintiff, Hazel Mardis Meagher, a resident of Indiana County, *against the Commonwealth of Pennsylvania.* The action was initiated by service of a copy of the complaint upon the Secretary of the Commonwealth and upon the Attorney General. The complaint and all other proceedings were written by the plaintiff without the assistance of an attorney and, needless to say, do not present the issues as clearly as they might. In essence, she states that the sale of a tract of land by officials in Indiana County for delinquent taxes and the subsequent removal of standing timber located thereon by various private individuals constituted an actionable trespass for which the Commonwealth must be held legally responsible.

The Commonwealth of Pennsylvania filed preliminary objections in the nature of a demurrer, setting forth three grounds, with two of which we agree, namely: (1) that the complaint failed to state a cause of action against the Commonwealth; and (2) that this suit is unauthorized by the laws of Pennsylvania, and thus is in violation of Article I, Section 11, of the Pennsylvania Constitution, which provides, inter alia:

"Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct."

The lower Court concluded that the Commonwealth, by reason of its Sovereignty, was immune from such suits, and, as it has not consented to be sued in trespass, the complaint failed to state a claim upon which relief could be granted. The lower Court, therefore, sustained the preliminary objections and dismissed the complaint.

In *Commonwealth v. Berks County*, 364 Pa. 447, 72 A. 2d 129, the Court said (page 449) : "Except for a presently immaterial jurisdiction conferred by the Constitution of the United States in respect of suits against States (Art. III, Sec. 2), a State may not be sued without its consent. In Bell Telephone Company of Penna. v. Lewis, 313 Pa. 374, 375, 169 A. 571, Mr. Justice SCHAFFER, speaking for this court, termed the rule fundamental. See also Collins v. Commonwealth, 262 Pa. 572, 575, 106 A. 229. So far as Pennsylvania's courts are concerned, it is only as the legislature may by law direct that suits may be brought against the Commonwealth: Pennsylvania Constitution, Art. I, Sec. 11." See also, *Bannard v. New York State Natural Gas Corp.*, 404 Pa. 269, 278, 172 A. 2d 306.

We see no need to judicially change or further expand the law in this field.* Suffice it to say that the Commonwealth has not consented to be sued in cases such as this.

Order affirmed.

---

* We do not pass upon or decide the merits of any claim or claims plaintiff may have against others.