Sofia Vasilievna Kremin, a/k/a Sofia Vasilievna Kreminy, a/k/a Halija Kuzan Kreminy, nee Gafia Kuzan, a/k/a Haltja Kuzan, a/k/a Sofia Vasilievna Kuzan
*v.* Commonwealth of Pennsylvania.

Argued January 22, 1971, before President Judge BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER, and ROGERS.

*James Francis Lawler,* with him *Ostroff & Lawler,* for plaintiff.

*Vincent X. Yakowicz,* Deputy Attorney General, with him *Francis J. Gafford,* Deputy Attorney General, and *Fred Speaker,* Attorney General, for defendants.

OPINION BY JUDGE KRAMER, April 12, 1971:

This case was filed within the original jurisdiction provisions of the Appellate Court Jurisdiction Act (Act of July 31, 1970, P. L.    , Act No. 223) as it applies to the Commonwealth Court. The action was based on the filing of a *Complaint in Assumpsit* signed by counsel and attested to by a partner of counsel of record on the basis of a power of attorney from the claimant. The Plaintiff is Sofia Vaslievna Kremin, a citizen and resident of Soviet Russia. The Plaintiff is alleged to be the widow of Ivan Kreminy, who died a resident of Allegheny County, Pennsylvania. Mr. Kreminy's estate was administered in the Orphans' Court Division of the Court of Common Pleas of Allegheny County at No. 1128 of 1961.

The Orphans' Court there determined that the widow of Mr. Kreminy is the sole heir to his estate. However, because of Section 737 of the Fiduciaries Act of 1949 (Act of April 18, 1949, P. L. 512, Section 737, as amended by the Act of February 23, 1956, P. L. (1955) 1084, Section 6, 20 P.S. 320.737), the fiduciary of the estate petitioned the Orphans' Court to direct the payment of the balance of the estate in the amount of $5,-275.55 to the Commonwealth without escheat, to be held in the State Treasury until further order of the Orphans' Court. Under an order of that Court on May 20, 1965, that sum was paid to the Commonwealth, to be held for the widow of the decedent.

The Commonwealth filed preliminary objections (1) that the Court lacks jurisdiction because of the Commonwealth's sovereign immunity from suit without its consent, and (2) that the Court is without jurisdiction because under the statute only the Orphans' Court Di-

vision of the Court of Common Pleas of Allegheny County is empowered to enter a decree directing the Board of Finance and Review to make payment of these funds from the State Treasury to the person entitled.

Counsel for Mrs. Kremin argues that Section 737 of the Fiduciaries Act of 1949 and the Act of July 28, 1953, P. L. 674, have been held to be unconstitutional, and relying upon Section 8 of the Commonwealth Court Act (Act of January 6, 1970, Act No. 185, P. L.    ), the Court has jurisdiction to direct payment to Mrs. Kremin.

The Pennsylvania Constitution at Article I, Section 11, states: "... Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." At this stage in the development of the law in this State, there can be no doubt that without legislative permission the *Commonwealth* cannot be sued because of the doctrine of sovereign immunity. *Meagher v. Commonwealth,* 439 Pa. 532, 266 A. 2d 684 (1970). The Plaintiff offered no proof of any such authorization or permission to sue the Commonwealth.

In connection with the second point in the Preliminary Objections of the Commonwealth, even though the two statutes relied upon by the Plaintiff are unconstitutional*, all of those provisions pertaining to the methods and procedures for the administration of decedents' estates including the claiming of money which was paid into the State Treasury are still fully applicable. The Legislature under the Act of August 10, 1951, P. L. 1163, 20 P.S. 2080.101, *et seq.,* in Section 301(1) has given to the Orphans' Court, exclusive jurisdiction

---

* See *Zschernig v. Miller,* 389 U.S. 429, 19 L. Ed 2d 683 (1968), and *Struchmanczuk Estate,* 44 D. & C. 2d 155, 18 Fid. Rep. 186 (1968).

of the "administration and distribution of the real and personal property of decedents' estates. . . ." Section 4 to the Schedule to Article V of the Pennsylvania Constitution reaffirms that the Orphans' Court Division of the Common Pleas Court will retain the jurisdiction it had prior to the adoption of the new Judiciary Article in 1968, until otherwise provided by law. Therefore, all the statutory provisions pertaining to the disposition of moneys due beneficiaries (resident or nonresident) must be followed and adhered to by any claimant desiring to claim moneys held without escheat under an order of the Orphans' Court. In view of the fact that the statutory language makes it clear that the Orphans' Court is the only court with jurisdiction to pass upon a petition for repayment, this Court does not have jurisdiction.

Having concluded that this Court does not have jurisdiction because of the sovereign immunity of the Commonwealth of Pennsylvania under the constitutional provisions applicable thereto, and because under the statutes only the Orphans' Court Division of the Court of Common Pleas of Allegheny County has jurisdiction to direct repayment from the State Treasury of moneys deposited there by an order of that Court, we make the following:

### ORDER

AND NOW, April 12, 1971, all of the preliminary objections filed by the Commonwealth of Pennsylvania are hereby sustained and the complaint in assumpsit is hereby dismissed with costs to the plaintiff.

---

DISSENTING OPINION BY JUDGE MANDERINO:

I disagree with the majority's contention that this court lacks jurisdiction to decide this case. The Commonwealth of Pennsylvania is holding funds which be-

long to Sofia Kremin, the plaintiff in this case. No one disputes that the money being held by the Commonwealth of Pennsylvania rightfully belongs to Sofia Kremin. Indeed, a court order of the Orphans' Court Division of the Court of Common Pleas of Allegheny County previously determined that the money which the Commonwealth now holds is the rightful property of Sofia Kremin. In any event we are now considering preliminary objections by the Commonwealth and must assume that the property rightfully belongs to Sofia Kremin.

Sofia Kremin has filed suit against the Commonwealth demanding the funds which rightfully belong to her. The majority takes the position that the Commonwealth Court cannot help Sofia Kremin because she is suing the Commonwealth of Pennsylvania and thus is barred by the Doctrine of Sovereign Immunity and also because she is in the wrong court. According to the majority, Sofia Kremin must file suit for her money in the Orphans' Court Division of the Court of Common Pleas of Allegheny County.

I believe the majority to be incorrect concerning both reasons.

The Doctrine of Sovereign Immunity has nothing to do with the suit of Sofia Kremin against the Commonwealth of Pennsylvania. The Commonwealth is holding monies which belong to Sofia Kremin and her suit to recover these funds cannot be barred by the Doctrine of Sovereign Immunity. The constitution of Pennsylvania prohibits the Commonwealth from any taking of a person's property without just compensation. There has never been any question that one has a right to sue the Commonwealth to recover just compensation for his property. In the usual case, the Commonwealth attempts to take a person's real or personal property and the individual has a right to sue and obtain just compensation for the property. In this

case, tangible real or personal property in its usual sense is not involved but liquid funds are involved which belong to Sofia Kremin. The situation is no different than if a citizen had erroneously or for some other reason paid funds to the Commonwealth and the funds were now in the Commonwealth's treasury. It could hardly be said that the Commonwealth could keep the funds which admittedly did not belong to them by using a confiscatory shield of sovereign immunity. To use that doctrine to defeat the claim of Sofia Kremin in this case, is simply to ignore the constitutional provision that the Commonwealth cannot take property without just compensation. Legislative permission to sue the Commonwealth certainly is unnecessary when the Commonwealth is holding property which does not belong to the Commonwealth and a claim is made that the property belongs to the individual bringing suit to recover the property. To hold otherwise would mean that the Commonwealth could confiscate the property of any citizen and then state that the Doctrine of Sovereign Immunity barred the suit. To prevent exactly this type of situation, the constitution prohibits the Commonwealth from taking any property without just compensation. The Doctrine of Sovereign Immunity does not bar the suit in this case.

The second reason given by the majority is that Sofia Kremin has filed suit in the wrong court. The majority claims that the Commonwealth Court is not the proper court but rather that suit should be filed in the Orphans' Court Division of the Common Pleas Court of Allegheny County.

I do not agree that the proper court is the Orphans' Court in Allegheny County.

The Commonwealth of Pennsylvania obtained possession of the monies which belonged to Sofia Kremin because of an Act, which has since been declared unconstitutional, allowing the holdup of Sofia Kremin's

funds because she is a citizen and resident of the Soviet Union. The Act that was unconstitutional had provided for certain procedures whereby Sofia Kremin could sue in the Orphans' Court to recover her funds. There is serious doubt as to whether any of that Act is still in effect because various provisions of the Act were held to be an unconstitutional interference in the field of foreign affairs.

But even if the Act referred to by the majority were not unconstitutional, it would not affect the jurisdiction of this Court. The majority states that the Orphans' Court has the same jurisdiction that it had prior to the adoption of the judiciary article in 1968; but as the majority points out the Orphans' Court jurisdiction was the same *until otherwise provided by law.*

Since the passage of the new constitution, *it has otherwise been provided by law.*

The Appellate Court Jurisdiction Act which was passed in 1970, specifically stated that the Commonwealth Court shall have original jurisdiction of all civil actions and proceedings against the Commonwealth. That Act also contains a repealer of any acts inconsistent with the Appellate Court Jurisdiction Act. I fail to see how the jurisdiction given to the Commonwealth Court can be read except to cover *all civil actions and proceedings against the Commonwealth.* Sofia Kremin's suit in this case is certainly a civil action. It is an action in assumpsit filed against the Commonwealth to recover funds. Without question, it falls under the jurisdiction given to the Commonwealth Court of Pennsylvania. The jurisdiction which originally resided in the Orphans' Court no longer exists. It is difficult to see how the legislature could have spoken more clearly than when it used the language "all civil actions and proceedings against the Commonwealth." The majority opinion in effect creates an exception which does not exist, and ignores the re-

pealer section of the Appellate Court Jurisdiction Act.

The preliminary objections of the Commonwealth of Pennsylvania should be dismissed and this court should assume jurisdiction of this case as mandated by the legislature.