George Hoffner and Gladys Hoffner, his wife, individually and as parents and guardians of George Hoffner, Jr., a minor, Appellants *v.* James D. Morrissey, Inc., Middletown Township, and Commonwealth of Pennsylvania and Norbert Lange and Joanne Lange, Appellees.

Argued April 7, 1978, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Jerome M. Dubyn,* with him *Dubyn & Smith,* for appellants.

*John T. Kalita, Jr.,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, *Samuel G. Moyer, Frederick E. Smith,* and *Allen A. Pechter,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., July 12, 1978:

George and Gladys Hoffner (Appellants) appeal the decision of the Court of Common Pleas sustaining the motion by the Commonwealth of Pennsylvania (Commonwealth) for judgment on the pleadings based on the Commonwealth's assertion of its sovereign immunity.[1]

---

[1] Appellants sought to sue the Commonwealth in trespass alleging that the Commonwealth negligently maintained the road upon which an accident occurred.

Appellants cannot and do not challenge the applicability of the sovereign immunity doctrine to this case but assert that the Commonwealth has waived its immunity due to its failure to set forth that defense by way of preliminary objection or new matter, or that the delay in asserting the defense of sovereign immunity constituted laches which barred the assertion of that defense. Appellants also argue that the court below should not have dismissed this action but should rather have transferred it to this Court in our original jurisdiction. We cannot agree with any of these assertions and affirm the court below.

The sovereign immunity of the Commonwealth cannot be waived by an act of its agent. It can only be waived by a *specific* enactment of the legislature. *See, e.g., Freach v. Commonwealth.* 471 Pa. 558, 370 A.2d 1163 (1977); *Finkelstein v. Shippensburg State College*, 29 Pa. Commonwealth Ct. 373, 370 A.2d 1259 (1977).[2] Moreover, the assertion of this defense by way of a motion for judgment on the pleadings was entirely proper. "Pa. R.C.P. No. 1032(1) provides in essence that the defense of failure to state a claim upon which relief can be granted can never be waived." The case of *Meagher v. Commonwealth,* 439 Pa. 532, 266 A.2d 684 (1970), specifically held that in a situation where the Commonwealth has not waived its immunity from suit, the complaint fails to state a claim upon which relief can be granted. Therefore, the assertion of such a defense is allowable at any time in the proceedings pursuant to Pa. R.C.P. No. 1032. The assertion of laches in this action is irrelevant as laches is an equitable defense and this action was commenced in trespass. *Graybill v. Juniata County School Dis-*

---

[2] The Commonwealth's immunity can be waived when it initiates an action. *See Pennsylvania Fish Commission v. Township of Pleasant*, 36 Pa. Commonwealth Ct. 216, 388 A.2d 758 (1978).

*trict*, 21 Pa. Commonwealth Ct. 630, 633, 347 A.2d 524, 525 (1975).

Appellants are correct that, pursuant to Section 401 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.401, exclusive original jurisdiction of a case where the Commonwealth is named as a defendant is before this Court. However, in view of our above holding, no useful purpose can be served by transferring this matter. Therefore, solely in the interest of judicial economy, we affirm the court below.

ORDER

AND Now, this 12th day of July, 1978, the order of the Court of Common Pleas of Bucks County is affirmed.