Inmates of B-Block et al., Petitioners *v.* Glen R. Jeffes et al., Respondents.

Heard by Senior Judge BLATT.

*Richard G. Fishman*, with him, *James P. Johnson* and *Ellen K. Barry*, for petitioners.

*Gregory R. Neuhauser*, Deputy Attorney General, with him, *Allen C. Warshaw* and *Sheree Sturgis*, Deputy Attorneys General, and *LeRoy S. Zimmerman*, Attorney General, for respondents.

MEMORANDUM OPINION BY JUDGE BLATT, August 21, 1984:

The Inmates of B-Block (petitioners) filed a praecipe for taxation of costs against Ronald Marks, Commissioner, Pennsylvania Department of Corrections (respondents) pursuant to Rule 2762(b) of the Pennsylvania Rules of Appellate Procedure (Pa. R.A.P.), Rules 1523 and 1527 of the Pennsylvania

Rules of Civil Procedure (Pa. R.C.P.) and Section 1726(2) of the Judicial Code, 42 Pa. C. S. §1726(2). Subsequently, the respondents filed an application to strike the petitioners' praecipe for taxation of costs.[1]

We will initially address the respondents' application to strike the praecipe for taxation of costs. They offer three arguments in support of their application. Initially, they argue that costs may not be assessed against the Commonwealth because 42 Pa. C. S. §1726, entitled Establishment of taxable cost, does not expressly mention the Commonwealth and because sovereign immunity applies where, as here, the officer was acting in his official capacity. Second, they contend that, even if costs are taxable against Commonwealth officers, the underlying suit here involved a public question and an award is consequently precluded under 42 Pa. C. S. §1726(2)(ii). Finally, they submit that the items listed by petitioners in their praecipe are non-taxable costs.

Section 1726 of the Judicial Code provides that:

> The governing authority shall prescribe by general rule the standards governing the imposition and taxation of costs, including the items which constitute taxable costs, the litigants who shall bear such costs, and the discretion vested in the courts to modify the amount and responsibility for costs in specific matters. All system and related personnel shall be bound by such general rules. In prescribing such general rules, the governing authority *shall be guided* by the following considerations, among others:

---

[1] An order granting the petitioners' request for relief was filed by this Court on April 29, 1983. *Inmates of B-Block v. Marks*, No. 194 C.D. 1981 (Commonwealth Court of Pennsylvania filed April 29, 1983). Our Supreme Court affirmed this Court's decision in a per curiam order dated May 25, 1984.

(1) Attorney's fees are not an item of taxable costs except to the extent authorized by Section 2503 (relating to right of participants to receive counsel fees).

(2) The prevailing party should recover his costs from the unsuccessful litigant except where the:

(i) Costs relate to the existence, possession or disposition of a fund and the costs should be borne by the fund.

(ii) Question involved is a public question or where the applicable law is uncertain and the purpose of the litigants is primarily to clarify the law.

(iii) Application of the rule would work substantial injustice.

(3) The imposition of actual costs or a multiple thereof may be used as a penalty for violation of general rules or rules of court. (Emphasis added.)

42 Pa. C. S. §1726. The General Assembly has thus established a basis for awarding costs against an "unsuccessful litigant". Citing *Culver v. Commonwealth*, 348 Pa. 472, 35 A.2d 64 (1944), the respondents argue that 42 Pa. C. S. §1726 is not applicable to the Commonwealth because the Commonwealth is not named in the provision "either by express terms or necessary implication." *Id.* at 472, 35 A.2d at 65. While it certainly is clear that the Commonwealth is not *specifically* named in the above-quoted statutory section, the question remains as to whether or not the Commonwealth is included by "necessary implication".

As we stated earlier, costs may be assessed pursuant to 42 Pa. C. S. §1726 against the "unsuccessful

litigant''. Section 102 of the Judicial Code, 42 Pa. C. S. §102 defines "litigant" as "[a]party or any other person legally concerned with the results of a matter''. And, in turn, a "party" is "[a] person who commences or against whom relief is sought in a matter''. 42 Pa. C. S. §102. Here, relief was specifically sought against respondents and thus the Commonwealth, along with the Department of Corrections and Commissioner Ronald Marks, is a party in this matter. We will hold, therefore, that the General Assembly provided for the assessment of costs against the Commonwealth under 42 Pa. C. S. §1726.

The respondents also contend that the principal of sovereign immunity precludes the imposition of costs. More specifically, they argue that, except for the eight listed exceptions to immunity found in Section 8522 of the Judicial Code, 42 Pa. C. S. §8522, no other provision of the Judicial Code may be construed to waive sovereign immunity. *See* Section 8521 of the Judicial Code, 42 Pa. C. S. §8521.

In general, the sovereign is immune from suit and it follows, therefore, that, where such immunity prevails, the imposition of costs would be disallowed. *See* 42 Pa. C. S. §1726 (only the prevailing party may be awarded costs). However, when sovereign immunity is inapplicable to bar the suit, we do not believe that it would prohibit the imposition of costs. And in *Baehr Brothers v. Commonwealth*, 493 Pa. 417, 426 A.2d 1086 (1981) (plurality opinion), our Supreme Court addressed the question of whether or not the Commonwealth is immune from the imposition of costs, stating that:

> The Legislature has vested this Court with general statutory power to tax costs against all litigants, 42 Pa. C.S.A. §1726, . . . The Commonwealth was a party litigant in the under-

lying action, which no one argues was barred by sovereign immunity, and the Commonwealth Court had jurisdiction of the cause and of the parties. Incident to that jurisdiction was the power to tax costs.

*Id.* at 420 n. 4, 426 A.2d at 1087 n. 4. We are convinced by the persuasive reasoning contained in *Baehr* that sovereign immunity does not preclude an assessment of costs against the Commonwealth where the underlying suit was not barred and, therefore, we will not sustain the respondents' application to strike on this basis.

The respondents further contend that an order awarding costs against the Commonwealth is precluded by reason of 42 Pa. C. S. §1726(2)(ii) which prohibits the prevailing party from recovering its costs where the "[q]uestion involved is a public question or where the applicable law is uncertain and the purpose of the litigants is primarily to clarify the law."

A review of the underlying suit, *see* footnote 1, *supra,* persuades us that the *primary* purpose of the action initiated by petitioners was not to clarify the law, but rather to obtain statutorily-mandated exercise time pursuant to Section 1 of the Act of June 14, 1923 (Act), P.L. 775, 61 P.S. §101. Furthermore, in granting the petitioners' relief on the basis of Section 1 of the Act, we stated that "a plain reading of the language of the Act indicates that the exercise *shall* be provided" and, therefore, we can not now hold that the applicable law was uncertain. *Inmates of B-Block v. Marks,* No. 194 C.D. 1981, slip op. at 5 (Commonwealth Court of Pennsylvania filed April 29, 1983).

As to the issue of whether or not the underlying suit presented a public question, we must note initial-

ly that the mere fact that the Commonwealth, an agency of the Commonwealth or a Commonwealth officer is a party in an action does not dictate that the issues involved are public questions. Here, as a result of this Court's order in favor of the petitioners, the inmates will be assured of receiving their mandated minimum amount of daily exercise. We do not believe that the issues raised were *essentially* public questions inasmuch as the *direct* result of the suit is to benefit the inmates and we can conceive of only *indirect* benefits to the general public—*i.e.* a possibility of increased public safety in having inmates exercise daily. Consequently, we will not find that Section 1726(2)(ii) precludes the assessment of costs against the Commonwealth here.

Finally, the respondents contend that the costs which petitioners seek to recover are non-taxable. The question of taxable costs is presently covered by a number of statutes and rules. Section 1726 of the Judicial Code authorizes the Supreme Court to "prescribe by general rule the standards governing the imposition and taxation of costs, including the items which constitute taxable costs...." 42 Pa. C. S. §1726. We note, however, that our Supreme Court has not promulgated a general rule dealing with costs in actions at law such as the one here, although such a rule exists for actions in equity, *see* Pa. R.C.P. 1523. Instead, the General Assembly has enacted statutes regulating who may receive counsel fees, Section 2503 of the Judicial Code, 42 Pa. C. S. §2503, and establishing generally compensation and expenses of witnesses, Section 5903 of the Judicial Code, 42 Pa. C. S. §5903 which we believe are applicable here.

Turning to the petitioners' Itemized List of Costs Incurred in Preparation for and During Trial of In-

mates of B-Block v. Jeffes,[2] we believe that the costs claimed fall in three general categories: (1) attor-

---

[2] Itemized List of Costs and Expenses Incurred in Preparation for and During Trial of Inmates of B-Block v. Jeffes:

1. $177.00—Airfare of expert Henry R. DeLuca for inspection of SCI Huntingdon on 8/17/82 which formed a basis for his report and recommendation and testimony at trial. (Exhibit "A" attached)

2. $24.00—Motel charge for Henry R. DeLuca for one night in connection with 8/17/82 inspection of SCI Huntingdon. (Exhibit "B" attached)

3. $485.00—Fee for professional services related to inspection of SCI Huntingdon in item 1, *supra*. (Exhibit "C" attached)

4. $140.25—Fees for deposition of Respondent Charles H. Zimmerman on October 26, 1982. Said deposition was used in part as a basis for preparation of petitioners testimony and evidence at trial as well as for purposes of cross-examination at trial. (Exhibit "D" attached)

5. $63.00—Train fare, round-trip to New York for counsel to meet with Henry R. DeLuca to discuss discovery and evidence in case to begin formulating trial testimony. (Exhibit "E" attached)

6. $176.00—Advanced payment for air travel from New York for expert Dr. Richard Korn, in conjunction with his March 3, 1983, inspection of SCI Huntingdon, which formed a basis for his recommendation and testimony at trial. (Exhibit "F" attached)

7. $63.00—Train fare, round-trip to New York for counsel to meet with experts DeLuca and Korn to prepare trial testimony. (Exhibit "G" attached)

8. $27.56—Motel bill for one night for Dr. Richard Korn, in conjunction with his inspection of SCI Huntingdon on March 3, 1983. (Exhibit "H" attached)

9. $324.62—Room and Board during trial for counsel and experts. (3 nights for counsel and two nights for experts). (Exhibit "I" attached)

10. $795.00—Fees for transportation and professional services rendered by Henry R. DeLuca in preparation for and in conjunction with expert testimony at trial. (Exhibit "J" attached)

ney's fees and expenses; (2) expert witness fees and expenses; and (3) deposition costs.

## Attorney's Fees and Expenses

Items no. 5, no. 7 and, in part, no. 9 consist of travel expenses incurred by petitioners' counsel in the course of handling this case and, as such, are better labelled attorney's fees. We have, therefore, examined 42 Pa. C. S. §2503 to determine whether or not the petitioners, as "participants", are entitled to attorney's fees and have concluded that the petitioners do not fall within any of the eight classes of "participants" permitted to recover counsel fees under 42 Pa. C. S. §2503. Consequently, such fees are not taxable costs.

## Expert Witness Fees and Expenses

Items nos. 1-3, no. 6, no. 8, in part, no. 9, nos. 10-12 consist of the travel expenses and professional fees incurred in the hiring of two expert witnesses. Section 5903(a)(1) of the Judicial Code provides that:

(a). Scope.—The provisions of this section apply to a witness *served with a subpoena* to testify before any government unit (except the minor judiciary) or before the Philadelphia Municipal Court, but do not affect:

---

11. $174.00—Travel expenses for Dr. Richard Korn in conjunction with appearance and testimony at trial. (Exhibit "K" attached)

12. $1,000.00—Fee for professional services of Dr. Richard Korn in terms of consultation and testimony as expert witness. (Exhibit "L" attached)

TOTAL COSTS AND EXPENSES: $3,449.43

(1) The right of a witness who gives expert testimony to receive additional per diem compensation therefor.

Expert witnesses *served with a subpoena,* therefore, may recover compensation in addition to the per diem expenses allowed pursuant to 42 Pa. C. S. §5903(b)-(d). Here, however, the petitioner failed to establish that the experts were subpoenaed in his praecipe for taxation of costs and so we need not address the question of whether or not such additional compensation can be considered taxable costs pursuant to 42 Pa. C. S. §1726. *Accord Friedgen v. Evangelical Manor,* 253 Pa. Superior Ct. 216, 384 A.2d 1309 (1978) (construing the corollary statutory provision under the now repealed Act of July 21, 1941, P.L. 425, 28 P.S. §416.1).

## Deposition Costs

Item no. 4 consists of the cost of deposing respondent, Charles H. Zimmerman. Pa. R.C.P. 4008 authorizes a court to award reasonable deposition costs in cases where a witness is deposed more than one hundred (100) miles from the courthouse. Again, the petitioner failed to establish by affidavit the place at which the deposition was taken and, therefore, we can not conclude that this expense was taxable.

Accordingly, we will grant the respondents' application to strike the petitioners' praecipe for taxation of costs.

## ORDER

AND Now, this 21st day of August, 1984, the respondents' application to strike petitioners' praecipe for taxation of costs in the above-captioned matter is hereby granted.