513 A.2d 586

Samuel A. Wilson, Appellant *v.* Philadelphia Housing Authority and Rasheeda Abdual-Haqq, Appellees.

Argued December 10, 1985, before President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Theodore P. Winicov,* with him, *Arnold H. Winicov, Yaskin and Winicov,* for appellant.

*James M. Marsh,* with him, *Thomas P. Grace, La-Brum and Doak,* for appellee, Philadelphia Housing Authority.

OPINION BY JUDGE BARRY, August 8, 1986:

Samuel A. Wilson appeals an order of the Court of Common Pleas of Philadelphia County dismissing his action against the Philadelphia Housing Authority (Authority) by granting a motion for summary judgment.

According to the pleadings, Wilson, who was a guest in an apartment building owned by the Authority, was bitten by a dog belonging to the tenant he was visiting. As a result of this incident Wilson filed an action against the Authority charging it with negligence for failing to exclude dangerous pets from the premises or failing to take appropriate measures to warn or otherwise protect people frequenting the premises. The Authority filed an answer to Wilson's complaint essentially denying his allegations. It also raised the defenses of comparative negligence and assumption of risk under the heading of New Matter. After some discovery was undertaken by both parties, the Authority filed a motion for summary judgment on the grounds that a landlord may not be held liable for dog-biting incidents occurring inside a tenant's apartment. The trial court did grant the motion for summary judgment but on the ground of sovereign immunity.

Wilson's first argument is that the Authority waived the immunity defense by failing to properly raise it under New Matter as required by Pa. R.C.P. No. 1030. The Authority, on the other hand, contends that it did raise the defense by asserting, under New Matter, that the complaint failed to state a cause of action upon which relief could be granted. The Authority cites *Meagher v. Commonwealth*, 439 Pa. 532, 266 A.2d 684 (1970) in support of its contention that the defense of immunity may be raised without it ever having been mentioned specifically in the pleadings. In *Meagher*, however, the Supreme Court merely stated that in a situation where the Commonwealth has not waived its immunity from suit the complaint fails to state a cause of action upon which relief can be granted.[1] Unlike the Authority, we do not believe that *Meagher* stands for the proposition that the mere use of these same words is sufficient to raise the defense of immunity. We, therefore, conclude that the Authority failed to raise the question of immunity.

We also find unpersuasive the Authority's argument that because sovereign immunity can never be waived we should disregard its failure to properly raise it and address the merits of the case. At the outset we wish to point out that although the trial court characterized the Authority as a Commonwealth agency, the Supreme Court held in *T & R Painting Co., Inc. v. Philadelphia Housing Authority*, 466 Pa. 493, 353 A.2d 800 (1976) that for purposes of Section 401(a)(1) of the now repealed Appellate Court Jurisdiction Act (Act)[2], the

---

[1] *Meagher*, which was based on the court-made rule of sovereign immunity, was overruled by the Supreme Court in *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978).

[2] Act of July 31, 1970, P.L. 673, 17 P.S. §211.203 (Supp. 1975).

Authority is a local agency. Inasmuch as that Act has been replaced by the Judicial Code which provides for both sovereign immunity, 42 Pa. C. S. §§8521-8526, and governmental immunity, 42 Pa. C. S. §§8541 and 8542, we believe that the holding in *T&R Painting* applies to the instant case. The Authority relies on our decision in *Hoffner v. James D. Morrissey, Inc.*, 36 Pa. Commonwealth Ct. 513, 389 A.2d 702 (1978) to support its contention that sovereign immunity cannot be waived; however, since we have determined that for purposes of immunity, the Authority is a local agency, *Hoffner* is inapplicable because it does not involve governmental immunity. Moreover, irrespective of whether the defense can or cannot be waived, we believe a remand is necessary so that the trial court can rectify the impropriety it committed by addressing the immunity question *sua sponte*.

We, therefore, vacate the trial court's order granting the Authority's motion for summary judgment and we remand so that the trial court can address the questions which were raised by the parties.

## ORDER

NOW, August 8, 1986, the order of the Court of Common Pleas of Philadelphia County at No. 5394 April Term 1982, dated January 23, 1984 is vacated and this case is remanded to the trial court for proceedings consistent with this opinion.

Jurisdiction relinquished.