530 A.2d 145

Commonwealth of Pennsylvania, Department of Public Assistance, Now Known as Department of Public Welfare, Appellant *v.* Linda D. Ward; Patricia L. Smith, Terre Tenant; Clyde Hoffman, Terre Tenant; Helen Hoffman, Terre Tenant, Appellees.

Submitted on briefs October 8, 1986 to President Judge CRUMLISH, JR., and Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Roger T. Margolis,* for appellant.

*George R. Zaiser, Dale, Woodward, Montgomery &
White,* for appellees.

OPINION BY JUDGE PALLADINO, August 21, 1987:
This is an appeal by the Pennsylvania Department
of Public Welfare (DPW) from an order of the Court of
Common Pleas of Venango County (trial court) which
granted a Petition to Strike Off Judgment and/or Sug-
gestion of Nonpayment filed by Patricia L. Smith,
Clyde Hoffman and Helen M. Hoffman (Appellees) and
ordered DPW to pay reasonable counsel fees to Appel-
lees' attorney. For the reasons which follow, we affirm.

Appellees are the record owners of a certain parcel
of real property situate in Canal Township, Venango
County, Pennsylvania, more particularly described in a
deed from Linda D. Ward and Ricky L. Ward, tenants
by the entireties, to Appellees, dated August 21, 1975
and recorded September 19, 1975 in Deed Book Vol-

ume 771, Page 546 in the Office of the Recorder of Deeds of Venango County, Pennsylvania.

On April 7, 1975, Linda D. Ward,[1] executed a Reimbursement Agreement with DPW,[2] acknowledging that her real and personal property could be encumbered for repayment of Public Assistance. The agreement empowers the Prothonotary, or any attorney of any court of record, to confess judgment against Mrs. Ward for sums up to $2,000.00 plus costs. The agreement specifically provides that any such judgment becomes a lien upon *Linda D. Ward's real property.* Ricky L. Ward, Linda's husband, refused to sign the agreement.

DPW, pursuant to the reimbursement agreement, caused a judgment note with warrant of attorney to be indexed against the subject property on July 25, 1975. Thereafter, on August 21, 1975, Ricky L. Ward and Linda D. Ward, tenants by the entireties, transferred this parcel to Appellees, who took title as tenants-in-common.

On April 7, 1980, DPW revived the judgment by causing a Suggestion of Nonpayment to be indexed against the subject parcel naming Linda D. Ward as Defendant and Patricia L. Smith, Clyde Hoffman and Helen M. Hoffman as Terre-tenants.[3] Appellees assert that:

> Knowing that Ricky L. Ward and Linda D. Ward had held the real property as tenants by

---

[1] Despite the appearance of her name in the caption of this case, Mrs. Ward was not a party to the Petition to Strike Off Judgment filed in the trial court and is not an Appellee here.

[2] At the time of the signing of the Reimbursement Agreement, DPW was known as the Department of Public Assistance.

[3] In Pennsylvania, a Terre-tenant is "one who purchases and takes land subject to the existing lien of a mortgage or judgment against a former owner." *Black's Law Dictionary* 1320 (5th ed. 1979).

the entireties, and being advised by their attorneys at the time of the purchase of the property that the action of Linda D. Ward in signing the Reimbursement Agreement in 1975 was ineffective to alienate or encumber the entireties property, the so-called terre tenants ignored these actions of the Department of Public Welfare.

Appellees' brief at 3.

In 1984, pursuant to an oil and gas lease between Cabot Oil and Gas Corporation (Cabot) and Appellees, Cabot was preparing to commence drilling for oil and gas on the subject parcel. On June 13, 1984, Cabot informed Appellees that they would need to satisfy the DPW judgment and that the royalties due them under the lease would be placed in escrow until same was accomplished. At the request of Cabot, Appellees executed an assignment of their rights to receive royalties under the lease to DPW, until the judgment was satisfied.

Appellees, by letter dated October 29, 1984, informed DPW that the Suggestion of Nonpayment had been improperly indexed and requested it be removed as well as requesting that a reassignment of the royalty rights to Appellees be made. DPW ignored this request and numerous subsequent requests.

Further, in an attempt to solve the matter herself, Appellee Patricia L. Smith called DPW's Bureau of Claims Settlement. There she spoke to Gary Miller, a DPW employee, who told her that proceedings against the agency would be a "conflict of interest" in that she was employed by Polk Center, a DPW facility. The trial court found that:

Mr. Miller told the Petitioner that if the matter came to the attention of Polk Center, she would lose her job at that institution. After listening to these threats, Ms. Smith asked Mr. Miller to consider the fact that the judgment . . . was im-

proper, according to what her attorney had told her. Mr. Miller's reply was that there was 'nothing they could do about it.'

*Pennsylvania Department of Public Assistance v. Ward,* (C.D. No. 471-1985, filed August 7, 1985), slip op. at 3.

Appellees filed a Petition to Strike Off Judgment. DPW never filed an Answer but did, subsequently, forward an order to enter satisfaction of the judgment and a re-assignment of the oil and gas lease. The re-assignment contained errors and counsel for Appellees requested permission to make corrections or, in the alternative, requested an amended assignment and recording fees. DPW again failed to reply.

The Petition came on for hearing before the trial court on May 28, 1985. DPW neither appeared at the hearing nor filed a brief. By order dated June 25, 1985, the trial court granted the requested relief and awarded counsel fees to Appellees in the sum of $1,788.50. Thereafter, on July 10, 1985, DPW filed exceptions to the order of the trial court. Argument on the exceptions was never heard by the trial court because on July 22, 1985, DPW filed a notice of appeal to the Pennsylvania Superior Court.[4] Pursuant to Pa. R.A.P. 752, the case at bar was transferred to this Court.

Presently before us is the appeal of DPW asserting that counsel fees may not be awarded against them because, as an agency of the Commonwealth, they are immune from suit except in the instances where our legislature has specifically waived sovereign immunity. *See* 42 Pa. C. S. §§8521 and 8522. Further, DPW asserts that statutory authority must exist in order to award attorney fees against the Commonwealth and that no such

---

[4] Pa. R.A.P. 1701 provides that once a matter has been appealed, the trial court may take no further action, with certain limited exceptions not applicable here.

authority exists; that no authority for an award of attorney fees in equitable actions exists; and even if attorney fees could be awarded against DPW, such an award is not merited in this case.

Our scope of review in an appeal from an order of the trial court is limited to a determination of whether constitutional rights were violated, errors of law committed or whether the action of the trial court demonstrates a manifest abuse of discretion. *Magill v. Commonwealth,* 104 Pa. Commonwealth Ct. 517, 522 A.2d 172 (1987).

At the heart of DPW's argument is its assertion that an action for counsel fees may not be maintained against it unless the legislature, by statutory exception, specifically so provides. Section 8521(a) of the Judicial Code (Code), 42 Pa. C. S. §8521(a), provides that "[e]xcept as otherwise provided in this subchapter, no provision of this title shall constitute a waiver of sovereign immunity. . . ." The legislature provided eight specific exceptions to the blanket grant of immunity in Section 8522 of the Code, none of which would encompass an action for counsel fees.

Further, citing *Department of Transportation v. Bishop & Co.,* 497 Pa. 58, 439 A.2d 101 (1981), DPW asserts that Sections 1726 and 2503 of the Judicial Code, 42 Pa. C. S. §§1726 and 2503, are inapplicable to the Commonwealth because they do not specifically mention the Commonwealth as subject thereto. They also contend that a Petition to Strike Off a Judgment is an equitable action and that no provision exists for the award of attorney fees in an equitable action.[5]

---

[5] Pa. R.C.P. No. 1523 states: "Costs shall include fees of the examiner, master, auditor, accountant or expert appointed by the court and such other costs as may be prescribed by statute or allowed by the court." Clearly, this rule leaves open the possibility of an award of counsel fees in an equitable action.

In response, Appellees assert that the failure of DPW to 1) file an Answer to their Petition to Strike Off Judgment, 2) file a brief, or 3) appear at the hearing on the matter constitutes a waiver of their right to raise a defense[6] to the award for attorney fees for the first time on appeal. Pa. R. A. P. 302(a).

As a general proposition, the sovereign is immune from suit. 42 Pa. C. S. §8522. It follows, therefrom, that if an action is barred by sovereign immunity, the imposition of costs would not be allowed. *Inmates of B-Block v. Jeffes*, 87 Pa. Commonwealth Ct. 98, 483 A.2d 569 (1984). "However, when sovereign immunity is inapplicable to bar the suit, we do not believe that it would prohibit the imposition of costs." *Id*. at 102, 483 A.2d at 571.

We have previously faced the issue of whether sovereign immunity bars an award of attorney fees in *Pennsylvania Association of State Mental Hospital Physicians v. State Employees' Retirement Board*, 87 Pa. Commonwealth Ct. 108, 483 A.2d 1003 (1984). Therein Senior Judge BLATT stated:

> In disposing of its argument that sovereign immunity bars such an award, we have been

---

[6] This Court, in a different context, has specifically stated that the "sovereign immunity of the Commonwealth cannot be waived by an act of its agent. It can only be waived by a *specific* enactment of the legislature." *Hoffner v. James D. Morrissey, Inc.*, 36 Pa. Commonwealth Ct. 513, 515, 389 A.2d 702, 703 (1978) (emphasis in original). Cf. *Wilson v. Philadelphia Housing Authority*, 99 Pa. Commonwealth Ct. 508, 513 A.2d 586 (1986) (vacating a grant of summary judgment where the agency failed to raise the question of immunity and the trial court addressed this defense sua sponte.) In *Hoffner*, the Appellants asserted that the Commonwealth's failure to set forth the defense of immunity by way of preliminary objection or new matter constituted a waiver of the defense and that the delay in asserting this defense constituted laches. However, we concluded that the defense was adequately and properly raised by way of a motion for judgment on the pleadings.

persuaded by our Supreme Court's opinion in Baehr Brothers v. Commonwealth, 493 Pa. 417, 420 n. 4, 426 A.2d 1086, 1087 n. 4 (1981) (plurality opinion) which reads that:

Appellant [the Commonwealth] argues that the doctrine of sovereign immunity precludes the taxation of costs against the Commonwealth. We disagree. The Legislature has vested this Court with general statutory power to tax costs against *all* litigants, 42 Pa. C.S.A. §1726. . . . The Commonwealth was a party litigant in the underlying action, which no one argues was barred by sovereign immunity, and the Commonwealth Court had jurisdiction of the cause of the parties. Incident to that jurisdiction was the power to tax costs. (Emphasis in original.)
Costs, of course, include attorney's fees 'to the extent authorized by section 2503. . . .' 42 Pa. C. S. §1726.

*Id.* at 113, 483 A.2d at 1006. *Accord Inmates of B-Block v. Jeffes,* 87 Pa. Commonwealth Ct. 98, 102-103, 483 A.2d 569, 571-572 (1984).[7]

In the case at bar, DPW instituted the underlying matter by causing the Judgment and Suggestion of Nonpayment to be indexed. DPW could not be immune from a motion to strike off a wrongfully indexed judgment. Since the motion is not barred by sovereign im-

---

[7] We note that *Baehr Brothers* dealt with the imposition of counsel fees against the Commonwealth on appeal, and that *Inmates of B-Block* and *Pennsylvania Association of State Mental Hospital Physicians* concerned the imposition of counsel fees by the Commonwealth Court in its original jurisdiction. We do not find this to be a meaningful distinction, and expressly extend this line of cases to the imposition of counsel fees by the Courts of Common Pleas against the Commonwealth pursuant to 42 Pa. C. S. §§1726 and 2503.

munity, the taxation of counsel fees as a component of costs is, likewise, not barred.

As to the assertion that an award of counsel fees under the facts herein is improper, we note that DPW did not file an answer to Appellees' Petition to Strike Off Judgment as required by Pa. R.C.P. No. 1029. Any defense or objection to the imposition of counsel fees should have been addressed in New Matter. Pa. R.C.P. No. 1030.[8] To allow DPW to benefit from the gross dereliction of their duty to the trial court as well as the disrespect their actions have shown to Appellees by allowing them the opportunity on appeal to address issues not worthy of their response or appearance below, would be inequitable. Pa. R.A.P. 302(a) bars the resurrection of such issues when it states: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."[9]

Accordingly, we affirm the order of the trial court.

## ORDER

AND NOW, August 21, 1987, the order of the Court of Common Pleas of Venango County in the above-captioned matter is affirmed.

---

[8] By virtue of Pa. R.C.P. No. 1501, Pa. R.C.P. Nos. 1029, 1030 and 1032 are applicable to equity matters. Pa. R.C.P. No. 1030 provides:

Rule 1030. New Matter All affirmative defenses including but not limited to the defenses of . . . immunity from suit . . . shall be pleaded in a responsive pleading under the heading 'New Matter'.

[9] Further, Pa. R.C.P. 1032 provides:

Rule 1032. Waiver of Defenses. Exceptions A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply.
. . .