In Re: Nomination Petition of Lawrence M. FARNESE, Jr. for the Democratic Nomination for Senator in the General Assembly from the 1st Senatorial District in the Primary of April 22, 2008.

Keith Olkowski and Theresa
A. Paylor, Petitioners.

Commonwealth Court of Pennsylvania.

Decided May 5, 2008.
Publication Ordered May 9, 2008.

See also, 945 A.2d 274, and 944 A.2d 752.

Samuel C. Stretton, West Chester, for petitioner.

Clifford B. Levine, Pittsburgh, for respondent.

Opinion by Judge FRIEDMAN.

Lawrence M. Farnese, Jr. (Farnese) has filed in this court's original jurisdiction a bill of costs relating to the litigation of Keith Olkowski's and Theresa A. Paylor's (Objectors) petition to set aside Farnese's nomination petition in the above-captioned case (Petition). Objectors have filed exceptions.

On March 10, 2008, this court issued an order denying Objectors' Petition and directing Objectors to bear the costs of litigation. Objectors appealed the matter to our supreme court, which affirmed the denial of Objectors' Petition. The order also stated:

> This order is entered without prejudice to the [Objectors] to seek review of any future order of the Commonwealth Court which may impose a final order of costs. *See In Re Nomination Paper of Nader,* 588 Pa. 450, 461–62, 905 A.2d 450, 457 (2006). We further direct that the Commonwealth Court's final order assessing costs, if any, shall reference such costs by category and amount assessed and shall include a statement of rationale for the imposition of such costs.

*In re Nomination Petition of Farnese,* —— Pa. ——, 944 A.2d 752 (2008). Subsequently, Farnese filed his bill of costs with this court, and Objectors filed their exceptions.[1]

■ Section 977 of the Pennsylvania Election Code[2] (Election Code) states that "In case any such petition [to set aside] is dismissed, the court shall make such order as to the payment of costs of the proceedings, including witness fees, as it shall deem just." 25 P.S. § 2937. Thus, the imposition of costs is a matter for this court's discretion. *In re Nomination Paper of Nader,* 588 Pa. 450, 905 A.2d 450 (2006).

In section 1726(a) of the Judicial Code, 42 Pa.C.S. § 1726(a), the legislature set forth some standards for the imposition of costs.

(a) Standards for costs.—The governing authority [our supreme court] shall prescribe by general rule the standards governing the imposition and taxation of costs, including the items which constitute taxable costs, the litigants who shall bear such costs, and the discretion vested in the courts to modify the amount and responsibility for costs in specific matters.[3] All system and related personnel shall be bound by such general rules. In prescribing such general rules, the governing authority shall be guided by the following considerations, among others:

(1) Attorney's fees are not an item of taxable costs except to the extent authorized by section 2503 (relating to right of participants to receive counsel fees).[4]

(2) The prevailing party should recover his costs from the unsuccessful litigant except where the:

(i) Costs relate to the existence, possession or disposition of a fund and the costs should be borne by the fund.

(ii) Question involved is a public question or where the applicable law is uncertain and the purpose of the litigants is primarily to clarify the law.

(iii) Application of the rule would work substantial injustice.

(3) The imposition of actual costs or a multiple thereof may be used as a penalty for violation of general rules or rules of court.

42 Pa.C.S. § 1726(a).

### I. Costs Billed by Law Firm

■ The first group of costs in Farnese's bill of costs relates to Thorp, Reed & Armstrong, LLP, the law firm that represented Farnese in this matter. The costs are:

| | |
|---|---|
| Telecopy | 67.70 |
| Telephone | 18.90 |
| Copies | 2,363.60 |
| Business Development/Meals | 20.89 |
| Business Development/Travel | 250.71 |
| Travel Expense | 156.63 |
| Dining Expense | 22.47 |
| Airfare | 1,135.00 |
| Lodging | 938.87 |
| Taxis, Subways & Buses | 214.50 |

---

1. After a final determination, a party entitled to costs must file a bill of costs specifying the fees and expenses that the law requires the adversary to pay; however, the adversary may file exceptions to the bill of costs. 25A Standard Pennsylvania Practice 2d § 127.87 (2006).

2. Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. § 2937.

3. Although our supreme court has promulgated general rules governing the imposition of costs in certain matters, our supreme court has not done so with respect to election matters in this court's original jurisdiction.

4. Section 2503 of the Judicial Code provides for the award of counsel fees as part of taxable costs under circumstances that do not apply here. 42 Pa.C.S. § 2503.

In *Inmates of B–Block v. Jeffes,* 87 Pa. Cmwlth. 98, 483 A.2d 569, 573 (1984), this court stated that travel, lodging and meal expenses of counsel are "better labeled attorney's fees" under 42 Pa.C.S. § 1726(a)(1). Here, Farnese did not receive an award of attorney fees; thus, Farnese is not entitled to recover attorney expenses for Business Development/Meals, Business Development/Travel, Travel Expense, Dining Expense, Airfare, Lodging, Taxis, Subways & Buses.

■ As for the other expenses billed by Farnese's attorney, the supporting documentation is insufficient to justify Farnese's recovery of the costs. With respect to the telecopy costs, the attached documents do not identify what was telecopied, who did the telecopying or who received the telecopies. The document showing $57.50 of the $67.70 in total telecopying costs does not even indicate the date(s) of telecopying. With respect to the telephone costs, the documentation does not identify the date of the calls, the reason for the calls or the parties involved in the calls. With respect to the copying costs, the document that shows $2,360.60 in costs does not identify the date of the copying, who made the copies, what was copied or why the material was copied. The document showing $3.00 in copying costs does not identify who made the copies, what was copied or the reason for the copying. Because of these deficiencies, this court concludes that it would be unjust to require Objectors to pay these amounts to Farnese.

## II. Notarization of Affidavits

■ Farnese's bill of costs contains a bill from Tara Wallace for $725.00 for the notarization of sixty-five affidavits. Farnese did not attempt to introduce these affidavits into evidence at the hearing. However, if Farnese had done so, they would have been inadmissible as hearsay. Pa. R.E. 801(c), 802. Because the affidavits would have had no evidentiary value in this matter, we cannot conclude that it would be just for Farnese to recover these costs from Objectors. To further explain this ruling, it is necessary to review the law governing affidavits in election matters.

### A. Statutory Definition of "Affidavit"

In 1976, in the definitions section of the Judicial Code, 42 Pa.C.S. § 102, the General Assembly introduced the concept that an affidavit could include an un-sworn document subject to the penalties of perjury in the Crimes Code, 18 Pa.C.S. § 4904. The Rules Committee of our supreme court later incorporated that concept into the Rules of Civil Procedure. *In re 2003 General Election for the Office of Prothonotary,* 578 Pa. 3, 849 A.2d 230 (2004).

However, the General Assembly did **not** incorporate the concept into the definitions section of the Statutory Construction Act, 1 Pa.C.S. § 1991, which is the provision that applies when courts interpret the Election Code. *2003 General Election.* Section 1991 of the Statutory Construction Act defines "affidavit" as:

> A statement in writing of a fact or facts signed by the party making it, **sworn to or affirmed before an officer authorized by the laws of this Commonwealth** to take acknowledgments of deeds, or authorized to administer oaths, or before the particular officer or individual designated by law as the one before whom it is to or may be taken, **and officially certified to in the case of an officer under his seal of office.**

1 Pa.C.S. § 1991 (emphasis added). Thus, when the Election Code requires an affidavit, it must be notarized.

## B. Perjury in Election Cases

An un-sworn statement, signed subject to the penalties of perjury in the Crimes Code at 18 Pa.C.S. § 4904, is not a valid affidavit in an election case because the penalties of perjury at 18 Pa.C.S. § 4904 do not apply in an election case. Indeed, in *Commonwealth v. Brown,* 346 Pa. 192, 29 A.2d 793 (1943), our supreme court held that, in election cases, perjury is **not** prosecuted under the general provisions of the Crimes Code but, rather, is prosecuted under the specific penal provisions of the Election Code. Thus, in an election case, there would be **no** penalties for perjury under 18 Pa.C.S. § 4904.

## C. Affidavits as Hearsay

■ Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Pa. R.E. 801(c). An affidavit is an out-of-court statement offered to prove the truth of the matter asserted. Thus, an affidavit is inadmissible hearsay unless it is corroborated by other evidence or falls within an exception to the hearsay rule. *Dale v. Philadelphia Board of Pensions and Retirement,* 702 A.2d 1160 (Pa. Cmwlth.1997), *appeal denied,* 556 Pa. 696, 727 A.2d 1123 (1998); *Walker v. Unemployment Compensation Board of Review,* 27 Pa.Cmwlth. 522, 367 A.2d 366 (1976); Pa. R.E. 802.

The affidavit of a signer, offered in evidence to rehabilitate his/her signature, does **not** fall within the "state of mind" exception to the hearsay rule. *See* Pa. R.E. 803(3). The "state of mind" exception would only allow spontaneous statements made contemporaneous to the signing of a nomination petition to show the then existing state of mind of the signer. *See* Packel & Poulin, Pennsylvania Evidence § 803.3. Statements made in a subsequent affidavit would **not** be spontaneous statements made at the time of the signing and, thus, would **not** show the signer's state of mind at the time of the signing.

## D. Notarized Affidavits Still Hearsay

The notarization of an affidavit does not negate the hearsay nature of the affidavit, i.e., notarization does not make the affidavit admissible evidence.

However, some have argued that such is the case under section 6105(a) of the Judicial Code, which states, "The official acts ... and attestations of all notaries public, certified under their respective hands and seals of office ... may be received and read into evidence, as proof of the facts therein stated." 42 Pa.C.S. § 6105(a). In an election case affidavit, the words "as proof of the facts therein stated" would refer to the notary's attestation that the signer appeared, presented proper identification, took the oath and signed the document. The notary's attestation is distinct from the actual statements within the affidavit. Thus, the notarization does not convert the hearsay statements within an affidavit into proof of the truth of those statements.

In *D'Ambrosio v. D'Ambrosio,* 19 Phila.Co.Rptr. 347, 354, 1989 WL 817130 (1989), the court of common pleas rejected an argument that a notarized document is necessarily admissible under section 6105(a) of the Judicial Code. The court stated:

This obtuse effort to legitimize hearsay solely by virtue of a notarization ... would abolish the hearsay objection [i.e., a witness offering hearsay testimony would simply have a transcript of such testimony notarized to make it admissible].... This Court could find no precedent for the proposition that one of the official acts of notaries public is to "cleanse" and "purify" the hearsay na-

ture of documents offered into evidence.[5]

To reiterate, Farnese is not entitled to recover affidavit notary fees because there was no evidentiary value to them in this case.

### III. Depositions/Transcripts

■ Farnese's bill of costs includes the amount of $317.95 for depositions and transcripts. The documentation in support of this cost is a bill from Veritext Pennsylvania Reporting Co. for $317.95 for the hearing transcript in this case. Thus, Farnese does not actually seek to recover the cost of depositions.

Objectors acknowledge that the transcript costs were allowed as costs against a party in *Nader*[6] but contend that they should not be allowed here because, unlike the party in *Nader*, Objectors did not engage in any misconduct. However, in *Nader* (Eakin, J, concurring), Justice Eakin pointed out that this court may levy stenographer costs against a party under section 322 of this court's Internal Operating Procedures. Section 322 provides:

> In any proceeding where a stenographer is present, the ... judge shall ... provide by order for the allocation of the costs for the stenographer. Such costs normally include the appearance fee and the cost for the transcription of the notes of testimony, if the court orders transcription or the filing of a notice of an appeal requires it.

IOP, § 322. Moreover, in *In Re Nomination Paper of Rogers*, 942 A.2d 915 (Pa.

Cmwlth.2008), in a single-judge opinion, this court allowed the prevailing party to recover stenographic and transcription costs. Here, because Farnese was the prevailing party, we will allow Farnese to recover his transcription costs from Objectors.

### IV. Service Costs

■ Farnese's bill of costs includes the amount of $118.00 for process service. The documentation supporting this cost is an invoice from B & R Services for Professionals Inc. for serving Objectors with subpoenas. However, the names of Objectors are not included on Farnese's witness list, and this court's case management order precluded the testimony of persons omitted from a party's witness list. Because Farnese did not serve Objectors with subpoenas for the purpose of presenting them as witnesses, it would not be just to require Objectors to pay for the cost of serving those subpoenas.

### V. Subpoenas

■ Farnese's bill of costs includes the amount of $40.00 for subpoenas. The supporting documentation indicates that the law firm representing Farnese paid $40.00 to this court for twenty subpoenas in connection with this case.

Although Farnese seeks to recover the cost of twenty subpoenas, his witness list contains the names of only twelve witnesses. Thus, it would not be just to require that Objectors pay for twenty subpoenas. Instead of $40.00, we will allow

---

**5.** We recognize that, in *Perrotti v. Meredith*, 868 A.2d 1240 (Pa.Super.2005), our superior court stated that section 6105(a) of the Judicial Code allows the **contents** of a notarized document to be admitted as proof of the facts stated therein. However, as indicated, section 6105(a) states only that the **acts or attestations** of a notary may be received as evi-

dence as proof of the facts stated in the acts or attestations.

**6.** Objectors actually acknowledge that the "deposition" costs were allowed in *Nader;* however, because there were no deposition costs here, we assume that Objectors mean "transcript" costs.

Farnese to recover $24.00 for twelve subpoenas.

## VI. Handwriting Expert

 Farnese's bill of costs includes $4,909.00 for handwriting analysis by Michelle Dresbold, the handwriting expert's written report and trial preparation. The supporting documentation indicates that Dresbold charged $125.00 per hour for thirty-three hours to review signature cards and petitions, to prepare an expert report, to travel and to attend meetings. She charged $250.00 per hour for three hours of court time and $34.00 for parking.

Objectors argue that it would not be just to allow Farnese to recover this cost because the expert did not testify. However, it was not necessary for the expert to testify because Objectors decided that, as a result of this court's rulings on the global challenges, they would not proceed with the individual signature challenges. Because Farnese needed to be prepared in the event the case proceeded on the individual signature challenges, we will allow Farnese to recover the cost of his expert witness.

## VII. Copies

Farnese's bill of costs includes $125.00 for copies. The supporting documentation indicates that the law firm representing Farnese paid this amount for copies related to a petition challenge. Generally, taxable costs do not include out-of-pocket expenses, such as costs for photocopies. 25A Standard Pennsylvania Practice § 127.35 (2006). Moreover, the documentation provided in support of this cost does not identify the case for which the copies were

7. Objectors assert that they demonstrated that 800 or 900 signatures had to be stricken due to fraud, and, as a result, no costs should be assessed against them. However, this court

made. Thus, we will not allow Farnese to recover this cost.

Accordingly, Objectors shall pay Farnese a total of $5,250.95 for the following: $317.95 for the cost of Farnese's hearing transcript, $24.00 for subpoenas and $4,909.00 for his expert witness. Farnese is not entitled to payment of the other costs shown on his bill of costs.[7]

### ORDER

AND NOW, this 5th day of May, 2008, upon consideration of the bill of costs submitted by Lawrence M. Farnese, Jr., it is hereby ordered that the bill of costs is approved with respect to the $317.95 for the cost of a hearing transcript, $24.00 for subpoenas and $4,909.00 for an expert witness. Petitioners shall reimburse Farnese a total of $5,250.95 for those amounts. The bill of costs is disapproved in all other respects.

did not permit any evidence, or make any findings, regarding fraud. Thus, we cannot accept such an assertion.