Pennsylvania Association of State Mental Hospital Physicians et al., Petitioners *v.* State Employees' Retirement Board et al., Respondents.

Heard May 11, 1984, by Senior Judge BLATT.

*Richard B. Sigmond,* with him, *Leonard Spear* and *Samuel L. Spear, Meranze, Katz, Spear & Wilderman,* for plaintiffs.

*Marsha V. Mills,* Assistant Chief Counsel, for respondent, State Employees' Retirement Board.

*John P. Krill,* Deputy Chief Counsel, for respondent, Office of General Counsel.

*Debra Wallet,* Deputy Attorney General, with her, *Allen C. Warshaw,* Senior Deputy Attorney General, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent, Commonwealth of Pennsylvania.

MEMORANDUM OPINION BY JUDGE BLATT, August 10, 1984:

The Pennsylvania Association of State Mental Hospital Physicians (petitioners) seek here an order granting a Petition for Attorney's Fees in their suit against the State Employees' Retirement Board (Board).[1]

The petition now before us arises out of a class action suit initiated by the petitioners in November, 1975 which challenged the Board's method of calculating "credited service" under Section 204(1) of the State Employes' Retirement Code of 1959[2] for all

---

[1] In *Pennsylvania Association of State Mental Hospital Physicians, Inc. v. State Employees' Retirement Board,* 31 Pa. Commonwealth Ct. 151, 375 A.2d 863 (1977), *affirmed,* 484 Pa. 313, 399 A.2d 93 (1979), this Court granted in part the petitioners' motion for judgment on the pleadings and ordered that:

Plaintiffs' [petitioners] motion for partial judgment on the pleadings in respect to Count II on the complaint is granted and defendants are directed to compute credited service for members of plaintiffs' class at the rate of one year for every twelve months during which an annual salary was received with respect to all years of service earned prior to March 1, 1974.

[2] Act of June 1, 1959, P.L. 392, *formerly,* 71 P.S. §1725-204(1), repealed, Act of March 1, 1974, P.L. 125, §2(a). The computation of "credited service" is now covered by Section 5302(a) of the State Employees' Retirement Code, 71 Pa. C. S. §5302(a).

part-time employees of the Commonwealth of Pennsylvania who earned annual salaries prior to March 1, 1974.[3] The amount of ''credited service'' which such a state employee is deemed to have completed determines his eligibility for vesting[4] along with the amount of benefits[5] he receives at retirement age.

Until mid-1969, the Board calculated the petitioners' ''credited service'' at the rate of one full year for each twelve-month period in which the petitioners received an annual salary. Thus, the fact that petitioners may have worked part-time did not enter into the Board's computation of ''credited service''. The Board then requested and received an opinion from the attorney general, in which they were advised that ''credited service'' must reflect the actual amount of time worked by an employee as a percentage of full-time employment. Our Supreme Court, however, held that the General Assembly, in establishing the method of computing "credited service'', did not distinguish between part-time and full-time state employees who received an annual salary and that, therefore, the change instituted by the Board beginning in 1969 was improper. *Pennsylvania Association of State Mental Hospital Physicians v. State Employees' Retirement Board*, 484 Pa. 313, 399 A.2d 93 (1979).

---

[3] As of March 1, 1974, part-time salaried employees were to be credited with the fractional portion of the year corresponding to actual time worked. 71 Pa. C. S. §5302(a).

[4] Section 102(23.1) of the State Employees' Retirement Code of 1959, *formerly*, 71 P.S. §1725-102(23.1). A similar provision is now found in Section 5309 of the State Employees' Retirement Code, 71 Pa. C. S. §5309.

[5] Section 401 of the State Employees' Retirement Code of 1959, *formerly*, 71 P.S. §1725-401. A similar provision is now found in Section 5702 of the State Employees' Reitrement Code, 71 Pa. C. S. §5702.

Subsequent to this Supreme Court ruling, the Board issued a directive which instructed Commonwealth personnel supervisors to compute "credited service" in compliance with this Court's order, and further ordered that the petitioners' "final average salary" be calculated in a new manner as set forth in the directive. The "final average salary"[6] is used, along with the amount of "credited service", to determine the amount of benefits an employee receives at retirement age. Believing that the instructions contained in the directive regarding the computation of "final average salary" would work to negate the final order of the Supreme Court, the petitioners began discovery proceedings. In the course of those proceedings, the parties entered into negotiations which resulted in the entering of a consent decree by this Court on March 7, 1984. We note that, in regard to attorney's fees, the consent decree provides that the Board has not waived any defenses to an award of attorney's fees and that, if the Court were to grant petitioners' motion here, the fees would be limited to $50,000.

The sole issue before this Court is whether or not the petitioners are entitled to an award of attorney's fees against the Board.

The petitioners contend that they are entitled to attorney's fees under three exceptions to the general American Rule which provides that, in the absence of a statute or contract, a litigant is ordinarily responsible for the payment of his own counsel fees. *Nagle v. Pennsylvania Insurance Department*, 46 Pa. Commonwealth Ct. 621, 406 A.2d 1229 (1979), *rev'd*

---

[6] Section 102(19) of the State Employees' Retirement Code of 1959, *formerly*, 71 P.S. §1725-102(19). A similar provision is now found in Section 5102 of the State Employees' Retirement Code, 71 Pa. C. S. §5102.

*in part on other grounds,* 499 Pa. 139, 452 A.2d 230 (1982). First, they argue that because the underlying litigation resulted in the restoration of property rights that had been denied to class members in violation of Article I of the Pennsylvania Constitution and the fifth and fourteenth amendments to the United States Constitution, they are entitled to an award of attorney's fees pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. §1988. Next, they contend that under the "common fund" exception to the American Rule and the related "substantial benefit" exception they are entitled to attorney's fees. Finally, they assert that this Court may grant their motion for attorney's fees under the "private Attorney General" exception.

The Board asserts that attorney's fees may not be awarded against it as an agency of the state. Initially, it notes that attorney's fees are awarded in Pennsylvania pursuant to Sections 1726 and 2503 of the Judicial Code, 42 Pa. C. S. §§1726 and 2503, and furthermore that "a statute is never presumed to deprive the state of any prerogative, right or property unless the intention to do so is clearly manifest, either by express terms or necessary implication". *Culver v. Commonwealth,* 348 Pa. 472, 475, 35 A.2d 64, 65 (1944). The Board then argues that, inasmuch as neither Section 1726 nor Section 2503 of the Judicial Code specifically authorizes the award of costs and attorney's fees against the Commonwealth or an agency of the Commonwealth, this Court may not grant the petitioners' motion. Second, the Board raises the defense of sovereign immunity, arguing that, pursuant to Section 8521(a) of the Judicial Code, 42 Pa. C. S. §8521(a), "no provision of this title [Title 42] shall constitute a waiver of sovereign immunity" except those contained in Section 8522 of

the Judicial Code, 42 Pa. C. S. §8522 and that, therefore, Sections 1726 and 2503 of the Judicial Code can not be construed as a waiver of sovereign immunity. Finally, the Board contends that, even if this Court were to determine that fees may be awarded against an agency of the Commonwealth, none of the exceptions to the American Rule apply here.

In disposing of its argument that sovereign immunity bars such an award, we have been persuaded by our Supreme Court's opinion in *Baehr Brothers v. Commonwealth,* 493 Pa. 417, 420 n. 4, 426 A.2d 1086, 1087 n. 4 (1981) (plurality opinion) which reads that:

> Appellant [the Commonwealth] argues that the doctrine of sovereign immunity precludes the taxation of costs against the Commonwealth. We disagree. The Legislature has vested this Court with general statutory power to tax costs against *all* litigants, 42 Pa. C.S.A. §1726. . . . The Commonwealth was a party litigant in the underlying action, which no one argues was barred by sovereign immunity, and the Commonwealth Court had jurisdiction of the cause and of the parties. Incident to that jurisdiction was the power to tax costs. (Emphasis in original.)

Costs, of course, include attorney's fees "to the extent authorized by section 2503. . . ." 42 Pa. C. S. §1726.

Furthermore, we do not find persuasive the Board's argument that Pennsylvania courts are not authorized to impose counsel fees on the Commonwealth or its agencies under 42 Pa. C. S. §2503 which entitles "[t]he following *participants* . . . to a reasonable counsel fee as part of the taxable costs of the matter; . . ." against other "participants". The

Board would have this Court hold that neither the Commonwealth nor its agencies can be considered "participants" because they are not specifically named as such.

"Participants", however, are defined in Section 102 of the Judicial Code, 42 Pa. C. S. §102 as "[l]itigrants, witnesses and their counsel". In turn, 42 Pa. C. S. §102 describes "litigant" as "[a] party or any other person legally concerned with the results of a matter". Clearly, the Board here is legally concerned with the outcome of the petitioners' motion for attorney's fees and, thus, must be considered a "litigant" in the underlying "matter". Consequently, it follows that the Board is a "participant" in the current litigation and, therefore, subject to the imposition of attorney's fees by this Court pursuant to 42 Pa. C. S. §1726.

In empowering our Supreme Court with the authority to establish rules to tax costs, including attorney's fees, against litigants, the General Assembly set forth the following *guidelines:*

(1) Attorney's fees are not an item of taxable costs except to the extent authorized by section 2503 (relating to right of participants to receive counsel fees).

(2) The prevailing party should recover his costs from the unsuccessful litigant except where the:

(i) Costs relate to the existence, possession or disposition of a fund and the costs should be borne by the fund.

(ii) Question involved is a public question or where the applicable law is uncertain and the purpose of the litigants is to clarify the law.

(iii) Application of the rule would work substantial injustice.

(3) The imposition of actual costs or a multiple thereof may be used as a penalty for violation of general rules of court.

42 Pa. C. S. §1726. It should be emphasized, however, that the judiciary has long awarded costs through the exercise of its equitable powers. *Sprague v. Ticonic National Bank,* 307 U.S. 161, 164 (1939) (FRANKFURTER, J.); *Bata v. Central-Penn National Bank of Philadelphia,* 448 Pa. 355, 379 n. 29, 293 A.2d 343, 356 n. 29 (1972) (ROBERTS, J.); and *Feist v. Luzerne County Board of Assessment Appeals,* 22 Pa. Commonwealth Ct. 181, 194, 347 A.2d 772, 780 (1975) (MENCER, J.). And, a review of the guidelines set forth in 42 Pa. C. S. §1726, along with the classes of "participants" who may receive attorney's fees in 42 Pa. C. S. §2503, have convinced this Court that the statutory provisions governing the taxation of costs in Pennsylvania embody the equitable principles our courts have historically relied upon in determining whether to award attorney's fees.

Section 2503(8) of the Judicial Code, 42 Pa. C. S. §2503(8) authorizes the award of attorney's fees to "[a]ny participant who is awarded counsel fees out of a fund within the jurisdiction of the court pursuant to any general rule relating to an award of counsel fees from a fund within the jurisdiction of the court". Inasmuch as no "general rule" has been established by our Supreme Court governing the award of attorney's fees from a "fund", we will turn to the equitable "common fund" doctrine, which is a recognized exception in Pennsylvania to the American Rule prohibiting the award of attorney's fees, to interpret 42 Pa. C. S. §2503(8).

Our Supreme Court has repeatedly described the circumstances under which the "common fund" exception applies:

> [W]here many persons have a common interest in a trust property or fund, and one of them, for the benefit of all, at his own cost and expense, brings suit for its preservation or *administration,* the court of equity in which suit is brought will order plaintiff to be reimbursed his costs and expenses, *including counsel fees,* from the property of the trust, or order these benefited to contribute proportionately toward that expense. (Emphasis added.)

*International Organization Master, Mates and Pilots of America, Local No. 2 v. International Organization Masters, Mates and Pilots, Inc.,* 497 Pa. 102, 114, 439 A.2d 621, 627 (1981), *quoting, Hempstead v. Meadville Theological School,* 286 Pa. 493, 497, 134 A. 103, 104 (1926). Moreover, while it is true that "the 'common fund' exception is narrowly applied and *usually* invoked . . . when the 'fund' itself is before the court",[7] the United States Supreme Court has held that the awarding of counsel fees is not so restricted where the successful litigation of the underlying suit resulted in a substantial benefit to "a group of others in the same manner as [plaintiff]". *Mills v. Electric Auto-Lite Co.,* 396 U.S. 375, 392 (1970). *Accord Nagle v. Pennsylvania Insurance Department.* Additionally, our Supreme Court in *Bata* recognized that equity permits the imposition of counsel fees when justice compels such a result.

Here, the underlying suit insured the correct *administration* of the State Employees' Retirement

---

[7] *International Organization Master Mates and Pilots of America, Local No. 2 v. International Organization Masters, Mates and Pilots, Inc.,* 497 Pa. 102, 115, 439 A.2d 621, 627 (1981).

Fund with respect to part-time state employees who received an annual salary prior to March 1, 1974 and, as a result of the suit, vesting and retirement benefit rights which had been wrongfully taken from class members were reinstated. No *additional* benefits have been secured by petitioners; rather, benefits which had inured to petitioners under the statutory method of calculating "credited service" and had been lost due to the erroneous advice contained in the 1969 Attorney General opinion were regained. Thus, the net result is that petitioners and all those similarly situated have been benefited not only by the reinstatement of lost benefits but by the assurance that the fund will be distributed properly.

Even assuming that attorney's fees may be awarded pursuant to the "common fund" doctrine, the Board submits that 42 Pa. C. S. §1726(2)(ii) operates to prevent such an award because the underlying suit involved a public question. *Cianfrani v. State Employees' Retirement Board,* 78 Pa. Commonwealth Ct. 597, 468 A.2d 1151 (1983). We are not convinced, however, that the issues raised in the original matter were public questions. The naming of an agency of the Commonwealth as a party to an action does not necessarily mean that the action involves a public question. Here, the petitioners sought to reinstate rights to *vested* benefits within the Commonwealth retirement system and we do not believe that a question involving the proper distribution of "retirement benefits" is a matter of public concern precluding an award of attorney's fees.

The Supreme Court held in *Hempstead* that, when counsel fees are awarded under the "common fund" doctrine, fees are paid either directly from the fund or contributed proportionately by those benefited. The petitioners contend that the award should be

made from the State Employees' Retirement Fund rather than pro rata from their reinstated benefits. The Board, however, argues that such an award would work a substantial injustice on members of the retirement system who did not participate in this action and thus, attorney's fees are precluded pursuant to 42 Pa. C. S. §1726(2)(iii).

Section 5939 of the State Employees' Retirement Code (Code), 71 Pa. C. S. §5939, establishes an interest reserve account "to which shall be credited all income earned by the fund and to which shall be charged all administrative and investment expenses incurred by the fund." Additionally, 71 Pa. C. S. §5939 establishes a schedule of payments to be made from the interest reserve account. First, interest is credited to the various accounts within the State Employees' Retirement Fund as provided by statute. Second, the interest reserve account is credited or charged with changes in the market valuation of the funds' investments. Third, administrative and investment expenses are paid and finally, any surplus or deficit is transferred to the State accumulation account. We note that the State accumulation account is the "ledger account to which shall be credited all contributions of the Commonwealth or other employers whose employees are members of the system. . . ." Section 5934 of the Code, 71 Pa. C. S. §5934. Thus, the payment of counsel fees as an administrative expense of the State Employees' Retirement Fund could not harm the members of the State retirement system who did not participate in this suit as class members because, any interest to be credited to accounts from which benefits are paid is transferred prior to the payment of those expenses. We do not believe, therefore, that the award of attorney's fees is here precluded by 42 Pa. C. S. §1726(2)(iii).

Having concluded that attorney's fees may be awarded against the Board pursuant to 42 Pa. C. S. §2503(8), we will not address the petitioners' arguments relating to the Civil Rights Attorneys' Fees Award Act of 1976 and to the "private Attorney General" exception to the American Rule.

Finally, having determined that the fees charged by petitioners' counsel were reasonable in light of the complexity of this action, the length of time involved (approximately ten years), and the fees charged by similar firms in the Philadelphia area and further taking into consideration the limitation set forth in the consent decree, we believe that petitioners are entitled to a reasonable counsel fee to be charged to the interest reserve account of the State Employees' Retirement Fund as an administrative expense in the amount of $50,000.00 (fifty thousand dollars).

ORDER

AND Now, this 10th day of August, 1984, we hereby grant the petitioners' Petition for Attorney's Fees in the above-captioned matter and order that fees in the amount of $50,000.00 be paid to the firm of Meranze, Katz, Spear and Wilderman and be charged against the interest reserve account of the State Employees' Retirement Fund as an administrative expense.