47 P.3d 1161

Rita STEER, a single woman, individually and derivatively on behalf of K & K Cable, Inc., an Arizona corporation, Plaintiff–Appellee,

v.

Kim EGGLESTON and Kathy Eggleston, husband and wife; and Park Management, Inc., an Arizona corporation, Defendants–Appellants.

No. 1 CA–CV 01–0392.

Court of Appeals of Arizona, Division 1, Department D.

June 20, 2002.

revised Sept. 24, 1987), *reprinted in* Ray J. Davis et al., *Arizona Workers' Compensation Handbook* App. C–7 to –9 (1993).

Fennemore Craig, P.C. By John D. Everroad, Theresa Dwyer, Jennifer Prendiville, Phoenix, Attorneys for Plaintiff–Appellee.

Law Offices of Gary E. Shoffner By Gary E. Shoffner, Pro Hac Vice, Santa Ana, and Gust Rosenfeld P.L.C. By Timothy W. Barton, Phoenix, Attorneys for Defendants–Appellants.

## OPINION

WEISBERG, Judge.

¶ 1 Kim Eggleston, Kathy Eggleston, and Park Management, Inc. (collectively, "Appellants") appeal from the trial court's distribution of an arbitration award. Appellants contend that the trial court erred by reimbursing Rita Steer ("Appellee") for attorneys' fees and expenses from the corpus of the arbitration award. For the reasons that follow, we affirm.

## FACTS AND RELEVANT PROCEEDINGS

¶ 2 Appellee sued Appellants for breach of fiduciary duty, diversion of partnership

funds, accounting, and racketeering. The claims were brought by Appellee individually and derivatively on behalf of two corporations and two limited partnerships. The complaint sought attorneys' fees with respect to all derivative claims.

¶ 3 Appellant Kim Eggleston was a general partner of both limited partnerships. Each limited partnership agreement provided for arbitration of disputes to which a general partner is a party, at the election of the general partner. Appellants moved to compel arbitration and the trial court stayed further superior court proceedings on the derivative claims involving the limited partnerships pending arbitration. The trial court then trifurcated the action. The dispute involving one of the limited partnerships was dispatched to arbitration in California, as provided in its limited partnership agreement. The Rancho San Manuel Limited Partnership ("Rancho") dispute, out of which this appeal arises, was sent to arbitration in Arizona before the American Arbitration Association, in conformity with the Rancho limited partnership agreement. Appellee's individual claims remained for disposition in the superior court action.

¶ 4 The Rancho arbitration resulted in an award of damages in the amount of $836,897.00 plus interest against Appellants and in favor of Appellee derivatively, on behalf of Rancho. Counsel for Appellee requested that the arbitrator clarify the award and grant attorneys' fees and expenses to Appellee. The arbitrator instead issued a "disposition" stating he had "concluded that attorneys' fees should not be awarded." Appellants applied to the trial court for entry of judgment on the award, submitting a proposed judgment in favor of Rancho and against themselves for the total amount of

the award, with interest, but "without an award of attorneys fees to any party."

¶ 5 Appellee objected to this proposed judgment and submitted a motion for order regarding distribution of award proceeds. She asked the trial court to order (1) the sum of $155,537.46 be paid to her out of the award to reimburse her for attorneys' fees and expenses incurred in obtaining the recovery, and (2) the balance of the award be paid to all Rancho limited partners pro rata in accordance with their interests.[1] Appellee contended that she was entitled to reimbursement from the amount recovered for Rancho because the award constituted a fund that her efforts had created and from which all partners benefitted.[2]

¶ 6 Appellants objected to any payment of fees to Appellee, arguing that because the arbitrator had no power to award them, the court was precluded from doing so. The trial court referred the issue to the arbitrator to determine the basis upon which he had declined to award fees. The arbitrator informed the court that, although he would have liked to have granted fees, he had not done so because he believed he lacked jurisdiction. The trial court ultimately ordered that Appellee be allowed to recover her fees.

¶ 7 On June 1, 2001, the trial court entered a final judgment in favor of Appellee for $155,536.46,[3] representing Appellee's fees, with the balance of the award to be distributed to the Rancho limited partners pro rata. Appellants filed a timely notice of appeal on June 6, 2001. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(B) (1994).

## DISCUSSION

¶ 8 Appellants argue that the arbitrator has exclusive jurisdiction to decide whether

---

1. Appellant Kim Eggleston had a combined general and limited partnership interest in Rancho of 77.23%; Appellee and two other individuals owned the remaining limited partnership interests. Kim Eggleston was also one of the judgment debtors, and thus the portion of the award to Rancho which represented his partnership interest effectively reduces his share of the judgment debt.

2. The amount Appellee requested included both attorneys' fees and other arbitration expenses,

such as fees for the services of accountants. Appellants have not disputed the amount or the components of the fees and costs awarded. For simplicity, we will hereafter refer to the award to Appellee as one for "fees."

3. Appellee requested fees in the amount of $155,537.46 and the trial court approved fees in that amount. The final judgment entered was in the amount of $155,536.46, one dollar less than the approved amount.

to award fees. Appellants also contend that the award of attorneys' fees to Appellee violates the principles of *Canon School District No. 50 v. W.E.S. Construction Company,* 180 Ariz. 148, 151–52, 882 P.2d 1274, 1277–78 (1994), which prohibited a trial court from awarding fees when they were not provided for in the arbitration agreement.

¶ 9 Appellee counters that the trial court's award of attorneys' fees from the corpus of the fund was not an impermissible modification of the award. Appellee reasons that such an award is expressly authorized by A.R.S. § 29–359 (1998) as well as being a legitimate exercise of the trial court's inherent equitable powers under the common fund doctrine.

### Jurisdiction Over the Common Fund

■ ¶ 10 Appellants first argue that the trial court lacked authority to grant Appellee attorneys' fees out of the common fund. We disagree.

■ ¶ 11 The recovery of attorneys' fees for a derivative suit is an application of the equitable common fund doctrine. The common fund doctrine allows a plaintiff to recover attorneys' fees from a common fund that the plaintiff has created for the benefit of a discernable group. *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478–79, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980). The purpose of this doctrine is to prevent unjust enrichment. *Id.* at 478, 100 S.Ct. 745. It does so by spreading those fees incurred by the plaintiff while creating the fund evenly among those who have benefitted thereby. *Id.* The common fund doctrine is "the creature of a court's inherent equitable power over funds under its control." *Knight v. United States,* 982 F.2d 1573, 1581 (Fed.Cir.1993) (emphasis omitted); *see also Democratic Ctr. Comm. v. Wash. Metro. Area Transit Comm'n,* 38 F.3d 603, 605 (D.C.Cir.1994).

¶ 12 Here, the trial court properly granted attorneys' fees out of the arbitration award under its control. A trial court confirming

an arbitration award has jurisdiction to enforce the award as it would any other judgment. A.R.S. § 12–1514 (1994). A distribution of fees under the common fund doctrine can be made even after judgment is entered. James Moore, *Moore's Federal Practice* § 54.171[2][a][i] (3d ed.1997) (citing Fed. R.Civ.P. 54(d)); *see also Kerr v. Killian,* 197 Ariz. 213, 218, ¶ 20, 3 P.3d 1133, 1138 (App. 2000) (finding request for fees under common fund doctrine timely although requested after administrative process).

■ ¶ 13 Appellants nevertheless contend that distributing a portion of the award as fees in accordance with A.R.S. § 29–359[4] amounts to an overruling of the arbitration award. Of course, an arbitrator's decision on questions of fact and law is generally final. *Smitty's Super–Valu, Inc. v. Pasqualetti,* 22 Ariz.App. 178, 180, 525 P.2d 309, 311 (1974). Here, however, the arbitrator did not decide whether to direct a portion of the award to pay for Appellee's fees.[5] The court did not change the award itself; the court merely determined for the first time how the award should be distributed. Thus, distributing a portion of the award in accordance with A.R.S. § 29–359 did not overrule the arbitrator's decision. *Cf. Smitty's Super–Valu, Inc.,* 22 Ariz.App. at 182, 525 P.2d at 313 (finding that trial court erred in modifying arbitration award based on arbitrator's alleged error of law); *Pawlicki III v. Farmers Ins. Co.,* 127 Ariz. 170, 173, 618 P.2d 1096, 1099 (App.1980) (finding that trial court erred in setting aside arbitration award based on arbitrator's incorrect findings of fact).

¶ 14 This position is bolstered by a Pennsylvania case involving a similar scenario. In *Couy v. Nardei Enterprises,* limited partners submitted to arbitration a claim of mismanagement of partnership funds. 402 Pa.Super. 468, 587 A.2d 345, 346 (1991). When the limited partners sought to confirm the arbitration award in the trial court, they also requested reimbursement of fees out of the arbitration award. *Id.* The trial court grant-

---

4. *See* discussion *infra* ¶¶ 16–22.

5. When the trial court questioned the arbitrator about distributing fees under A.R.S. § 29–359, the arbitrator replied that "The fees and costs

were well earned and should be paid upon appropriate application. The basis of my not addressing reasonable fees and costs was that I did not believe I had jurisdiction to do so."

ed the request and the appellate court affirmed, holding that the trial court could order reimbursement because it had jurisdiction over the arbitration award during confirmation. *Id.* at 346–47.

¶ 15 We conclude that, pursuant to the common fund doctrine, the trial court had the necessary jurisdiction during its confirmation of the arbitration award to distribute a portion of the arbitration award to pay for fees in accordance with A.R.S. § 29–359.

### The Relevant Statutes

¶ 16 Resolution of this dispute also requires us to consider and interpret A.R.S. §§ 12–1510 (1994) and 29–359. We review questions of statutory interpretation de novo. *Lewis v. Ariz. Dep't of Econ. Sec.*, 186 Ariz. 610, 614, 925 P.2d 751, 755 (App.1996). When reconciling statutes *in pari materia,* we will construe them in a way that creates harmony and gives effect to all statutes involved. *Pima County v. Maya Constr. Co.,* 158 Ariz. 151, 155, 761 P.2d 1055, 1059 (1988).

¶ 17 Section 12–1510 prohibits an arbitrator from adding fees to the award unless the parties' arbitration agreement provides otherwise. A.R.S. § 12–1510; *Canon,* 180 Ariz. at 152, 882 P.2d at 1278. In *Canon,* our supreme court noted that this rule serves the general purposes of arbitration: "to provide and encourage an expedited, efficient, relatively uncomplicated, alternative means of dispute resolution, with limited judicial intervention or participation, and without the primary expense of litigation—attorneys' fees." 180 Ariz. at 152, 882 P.2d at 1278 (quoting *Nucor Corp. v. Gen. Bearing Corp.,* 333 N.C. 148, 423 S.E.2d 747, 750 (1992)). Here, the arbitrator specified that he supported the granting of attorneys' fees, but felt unable to do so because of his limited jurisdiction.

¶ 18 We agree that a trial court is prohibited from merely tacking fees onto the award during confirmation. *See id.* Allowing the trial court to supplement the arbitration award with fees would subvert the purpose of A.R.S. § 12–1510. *See id.* The winning party would merely shift the complication and expense of a formal trial to the confirmation

stage by litigating the propriety of an award for fees during confirmation. *See id.*

¶ 19 Section 29–359, on the other hand, serves a wholly different purpose. It allows a limited partner to recoup fees from the limited partnership when the partnership benefits from the limited partner's successful derivative action. A.R.S. § 29–359. The rationale supporting this statute is twofold. First, both the claim and the award belong to the partnership; therefore, burdening the partnership with the expenses is fair and consistent. Edwin W. Hecker, Jr., *Ltd. Partners' Derivative Suits Under The Revised Unif. Ltd. P'ship Act,* 33 Vand. L.Rev. 343, 378 (1980). Second, limited partners with modest shares can bring legitimate claims without risk that their personal stake will be swallowed up by the expense of litigation. *Id.*

¶ 20 We hold that allowing the distribution of fees from the arbitration award in accordance with A.R.S. § 29–359 is consistent with the prohibition of A.R.S. § 12–1510. In fact, such an interpretation gives effect to both statutes. Section 12–1510 continues to prohibit the court or the arbitrator, absent agreement between the parties, from merely adding the responsibility of attorneys' fees to the loser's obligations. Accordingly, the court is barred from simply increasing the overall value of the award. Instead, A.R.S. § 29–359 allows the court to spread the burden of attorneys' fees among all of the partners, consistent with the purpose of a common fund. Appellants are only affected insofar as the other partners are affected; that is, Appellants—along with the other partners—must contribute a pro rata share of the fees to Appellee on behalf of Rancho. Moreover, the application of A.R.S. § 29–359 does not circumvent A.R.S. § 12–1510 because it does not unnecessarily lengthen or complicate the arbitration process itself. It merely ensures that the award is distributed equitably as part of the award approval process.

¶ 21 Appellants nonetheless argue that *Canon* controls this case. But the defendant in *Canon* sought additional fees against the plaintiff, whereas here Appellee merely sought an allocation of fees against the part-

nership—the entity that directly benefitted from Appellee's arbitration award. *Canon* is therefore distinguishable.

¶ 22 Moreover, the policy reasons stated in *Canon* for prohibiting arbitrators from adding attorneys' fees to arbitration awards are inapplicable to this situation. Disallowing a plaintiff to recover fees from an award in accordance with A.R.S. § 29–359 would not result in an "expedited, efficient, [and] relatively uncomplicated" method of dispute resolution. *Canon*, 180 Ariz. at 152, 882 P.2d at 1278. Instead, the expense of litigation would force many limited partners to either avoid arbitration or simply abandon potential claims. Arbitration would no longer be a viable, let alone favored, method of resolving these disputes. Such a result would be inconsistent with Arizona's public policy favoring arbitration. *See City of Cottonwood v. James L. Fann Contracting, Inc.*, 179 Ariz. 185, 189, 877 P.2d 284, 288 (App.1994). We therefore conclude that directing a portion of an arbitration award to pay for fees pursuant to A.R.S. § 29–359 does not conflict with A.R.S. § 12–1510.

### *Attorneys' Fees for Confirmation and Appeal*

¶ 23 Appellee requests attorneys' fees against Appellants for the confirmation and appeal of the arbitration award. Section 12–1514 allows a court to award "[c]osts of the application and of the proceedings subsequent thereto." We are permitted under A.R.S. § 12–1514 to award attorneys' fees incurred during the confirmation stage. *Canon*, 180 Ariz. at 154, 882 P.2d at 1280. However, no Arizona court has decided whether a prevailing party on appeal is similarly entitled to an award of attorneys' fees.

¶ 24 Other jurisdictions have permitted attorneys' fees on appeal from an arbitration award. *E.g., Goldstein v. 91st St. Joint Venture*, 131 Md.App. 546, 750 A.2d 602, 617–18 (2000); *Intermountain Power Agency v. Union Pac. R.R. Co.*, 961 P.2d 320, 325 (Utah 1998); *Buzas Baseball, Inc. v. Salt Lake Trappers Inc.*, 925 P.2d 941, 954 (Utah 1996). Of course A.R.S. § 12–1514 is the product of a uniform act, and uniform acts should be interpreted uniformly. *Canon*, 180 Ariz. at 154, 882 P.2d at 1280. Also, an award of attorneys' fees on appeal serves the same purpose as an award of attorneys' fees for the confirmation stage: "encouraging early payment of valid arbitration awards and the discouragement of nonmeritorious protracted confirmation challenges." *Id.* at 153, 882 P.2d at 1279.

¶ 25 We therefore hold that A.R.S. § 12–1514 permits us to award Appellee attorneys' fees on appeal. Accordingly, Appellee may establish the amount of her award by complying with Arizona Rule of Civil Appellate Procedure 21(a).

### CONCLUSION

¶ 26 For the foregoing reasons, the judgment of the trial court is affirmed.

CONCURRING: JON W. THOMPSON, and ANN A. SCOTT TIMMER, Judges.