## In the MATTER OF GOSNELL DEVELOPMENT CORP. OF ARIZONA, Debtor,

**Hall Family Properties, Ltd., Appellant,**

v.

**Gosnell Development Corp. of Arizona, Appellee.**

No. 07–16056.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 2009.

Filed May 7, 2009.

Arthur E. Romley, Law Office of Arthur E. Romley, Phoenix, AZ, for Appellant.

Charles A. Blanchard, Esquire, Perkins Coie Brown & Bain P.A., Michael Warren Carmel, Michael W. Carmel, Ltd., Samuel S. Tiffany, Esquire, Alcock & Associates, PC, Phoenix, AZ, for Appellee.

Before THOMAS and PAEZ, Circuit Judges, and EZRA,[*] District Judge.

## MEMORANDUM [**]

Plaintiff–Appellant Hall Family Properties, Ltd. ("Hall Family") appeals the district court's affirmance of the bankruptcy court's order granting Gosnell Development Corporation ("Gosnell")'s motion for summary judgment on the ground that Hall's proof of claim was barred by the economic loss rule. We reverse. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

"In assessing how a state's highest court would resolve a state law question—absent controlling state authority—federal courts look to existing state law without predicting potential changes in that law." *Ticknor v. Choice Hotels Intern., Inc.*, 265 F.3d 931, 939 (9th Cir.2001). To date, Arizona appellate courts have not addressed whether the economic loss rule could bar a breach of fiduciary duty claim. However, the Court of Appeals of Arizona has on several occasions permitted a partner to recover (or at least pursue) solely pecuniary damages from another partner that breached his or her fiduciary duty to the partnership, while acting under an oral or written partnership agreement, with no mention of the economic loss rule. *See Jerman v. O'Leary*, 145 Ariz. 397, 701 P.2d 1205, 1210 (1985) (finding sufficient evidence for a fact-finder to conclude that defendant partners had breached their fiduciary duties by paying below market value for a property); *Rhue v. Dawson*, 173 Ariz. 220, 841 P.2d 215, 226 (1992) (evidence that partner breached fiduciary duties of good faith, loyalty, fairness, and honesty supported finding that partner was liable for treble damages under state racketeering statute); *Steer v. Eggleston*, 202 Ariz. 523, 47 P.3d 1161 (2002) (court permitted partner to bring claims for breach of fiduciary duty against general partner); *Turley v. Ethington*, 213 Ariz. 640, 146 P.3d 1282, 1286–89 (2006) (court permitted partner to sue another partner for breach of fiduciary duty). At the same time, Arizona state courts have limited application of the economic loss rule to product liability and construction defect cases. We find no basis for believing that the law of Arizona currently allows a broader application.

Nor do the principles behind the rule urge its application here. The economic loss rule seeks to keep purely economic claims from encroaching upon certain torts, where: (1) physical injury is a requirement of the alleged tort; and (2) an underlying contract shows the parties al-

[*] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ready bargained for and allocated their risk of loss. *See Carstens v. City of Phoenix,* 206 Ariz. 123, 75 P.3d 1081, 1083–84 (2003). With regard to breach of fiduciary claims, physical injury is neither required nor expected. Further, the bargaining and risk allocation that is assumed in the contractual arena cannot be assumed in the context of a fiduciary relationship. *See* Gabriel Aragon, *Construction Defect: Crafting an Exception to Arizona's Economic Loss Rule to Permit Breach of Fiduciary Duty Tort Claims,* 38 Ariz. St. L.J. 337, 358–359 (2006) ("Fiduciary duties are not premised on receiving a commercial bargain [but] upon a fiduciary's duty to his beneficiary.").

Based on these considerations and the lack of any indication that Arizona state courts are inclined to expand their application of the economic loss rule, we reverse the district court's grant of summary judgment and the corresponding award of attorney's fees to Gosnell. We grant Hall's request for costs associated with this appeal under Arizona Revised Statute § 12–341 and deny its request for attorney's fees under § 12–341.01.

We decline to address Gosnell's argument that Hall's claim is alternatively precluded by the terms of the parties' agreement. This claim is properly considered in the first instance by the district court.

**REVERSED.**