NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

FREDERICK ANDERSON, et al., *Plaintiffs/Appellees*,

*v.*

STATE FARM FIRE AND CASUALTY COMPANY, *Defendant/Appellant*.

No. 1 CA-CV 23-0611

FILED 08-13-2024

Appeal from the Superior Court in Maricopa County
No. CV2023-001815
The Honorable Timothy J. Ryan, Judge

**VACATED AND REMANDED**

COUNSEL

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney
*Co-Counsel for Plaintiffs/Appellees*

Dieker Copple, PLLC, Scottsdale
By Douglas F. Dieker
*Co-Counsel for Plaintiffs/Appellees*

Broening Oberg Woods & Wilson, P.C., Phoenix
By Robert T. Sullivan, Tyler M. Abrahams, Kelley M. Jancaitis
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge Michael S. Catlett joined.

---

**M O R S E**, Judge:

¶1        State Farm Fire and Casualty Company ("State Farm") appeals from the superior court's order confirming an appraisal award and awarding attorney fees and costs to Frederick and Linda Anderson (collectively, "Andersons").  For the following reasons, we vacate the court's order and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In January 2021, a storm damaged the roof of the Andersons' home.  The Andersons filed a claim with their insurance carrier, State Farm. In June 2021, State Farm inspected their roof, determined that six roof tiles were damaged by "accidental direct physical loss," and estimated a replacement cost value ("RCV") of $576.77 and an actual cash value ("ACV") of $536.20.  State Farm made no payment after applying the Andersons' deductible and depreciation.  Following the inspection, the Andersons submitted an estimate with a $143,760.48 RCV and demanded that the amount of loss be set by appraisal pursuant to their insurance policy.  State Farm agreed to participate in the appraisal process.  Each party appointed an appraiser.

¶3        In October 2022, the appraisers signed and submitted an award that included a $162,296.21 RCV and a $120,701.29 ACV.  The following month, State Farm confirmed that it received the appraisal award but reduced the award by $166,826.73 and made no payment to the Andersons for their claim.

¶4        In February 2023, the Andersons filed suit, alleging breach of contract and bad faith.  After State Farm filed its answer, the Andersons moved to confirm the appraisal award.  At the initial status conference, the court heard arguments from both parties and took the matter under advisement.

¶5        In July 2023, the court granted the Andersons' motion to confirm the appraisal award.  The court noted that based on the record

"State Farm decided to cover property damage resulting from a particular loss" and "the appraisers acted within their authority" in making "factual determinations as to the property damage caused by the covered loss event that should be included in the Award and damage that is unrelated and properly excluded."  Thus, the court concluded that the "appraisers' findings of fact as to causation are binding on the parties, and State Farm is not entitled to go through the appraisal and pick out those items that it believes were not caused by the covered loss event in the guise of litigating the issue of coverage."  The court also provided that the Andersons "may submit an Application for Attorney Fees and Costs, as well as a proposed Form of Judgment."

**¶6**        The following month, the court awarded the Andersons their attorney fees and costs and entered their proposed form of judgment under A.R.S. § 12-1514.  State Farm timely appealed.  We have jurisdiction under A.R.S. § 12-2101.01(A)(6).

## DISCUSSION

### I.        Appraisal Award.

**¶7**        We review a court's confirmation of an appraisal award for an abuse of discretion.  *See Nolan v. Kenner*, 226 Ariz. 459, 461, ¶ 4 (App. 2011) (confirming an arbitration award); *Hanson v. Com. Union Ins. Co.*, 150 Ariz. 283, 285 (App. 1986) (applying "the general standard of review applicable to arbitration" to "appraisal enforcement proceedings" (quoting *Safeco Ins. Co. of Am. v. Sharma*, 207 Cal. Rptr. 104, 106 (Cal. Ct. App. 1984))).

**¶8**        Generally, decisions of appraisers "are entitled to the same degree of finality accorded decisions of arbitrators."  *Hanson*, 150 Ariz. at 285 (quoting *Hirt v. Hervey*, 118 Ariz. 543, 545 (App. 1978)).  Thus, "once parties have agreed to value an asset by appraisal, judicial review of appraisals should be no broader than that which applies to arbitration awards, which are 'entitled to finality in all but narrowly defined circumstances such as fraud, corruption, or other prejudicial misconduct.'"  *Chapman v. The Westerner*, 220 Ariz. 52, 54, ¶ 7 (App. 2008) (quoting *Hirt*, 118 Ariz. at 545).

**¶9**        But "appraisers have no authority to adjudicate issues beyond those submitted to them."  *Hanson*, 150 Ariz. at 285.  "The boundaries of the arbitrators' powers are defined by the agreement of the parties.  Within those boundaries, the arbitrators' decision is final . . . ."  *Smitty's Super-Valu, Inc. v. Pasqualetti*, 22 Ariz. App. 178, 180 (1974) (citations omitted).  We presume that the appraisers "decided only the matters submitted for

3

[appraisal] unless the party seeking review carries the burden of showing otherwise." *Einhorn v. Valley Med. Specialists, P.C.*, 172 Ariz. 571, 573 (App. 1992).

**¶10** Though the parties did not provide the appraisers a written submission agreement for appraisal, the record shows that the parties agreed to set the amount of loss by appraisal pursuant to the policy. *See Hanson*, 150 Ariz. at 286 ("The absence of a written submission agreement specific to the controversy at issue did not render inapplicable the provision of the policy which defined the scope of the appraisal panel's function."); *e.g.*, *Allstate Ins. Co. v. Cook*, 21 Ariz. App. 313, 315 (1974) (arbitrating the dispute pursuant to the policy). "An insurance policy is a contract, and in an action based thereon the terms of the policy must govern." *Dairyland Mut. Ins. Co. v. Andersen*, 102 Ariz. 515, 517 (1967) (quoting *D.M.A.F.B. Fed. Credit Union v. Emps. Mut. Liab. Ins. Co. of Wis.*, 96 Ariz. 399, 402 (1964)).

**¶11** Under the policy's appraisal provisions, if the parties "fail to agree on the amount of loss, either party can demand that the amount of the loss be set by appraisal." After either party demands that the amount of loss be set by appraisal and provides "the other party with written, itemized documentation of a specific dispute as to the amount of the loss, identifying separately each item being disputed," the appointed "appraisers will then attempt to set the amount of the loss of each item in dispute as specified by each party." After setting the amount of the loss, the appraisers must "jointly submit to each party a written report of agreement signed by them" that itemizes and states "separately the ***actual cash value***, replacement cost, and if applicable, the market value of each item in dispute." The "written report of agreement will set the amount of the loss of each item in dispute and will be binding upon" the parties. Notably, the policy provides that appraisal "is only available to determine the amount of the loss of each item in dispute" and appraisers have no authority to decide "(1) any other questions of fact; (2) questions of law; (3) questions of coverage; (4) other contractual issues; or (5) to conduct appraisal on a class-wide basis."

**¶12** State Farm argues the court clearly erred in finding that the appraisers made factual determinations "as to causation." We review the court's findings for an abuse of discretion and will affirm the court's findings unless they are clearly erroneous. *Smith v. Town of Marana*, 254 Ariz. 393, 396, ¶ 10 (App. 2022). A finding "is clearly erroneous only when, considering the totality of the evidence, the reviewing court 'is left with the definite and firm conviction that a mistake has been committed.'" *Valdez v.*

*Delgado*, 254 Ariz. 495, 499, ¶ 14 (App. 2019) (quoting *State v. Burr*, 126 Ariz. 338, 339 (1980)).

**¶13** Here, the signed appraisal award provided that the date of loss was January 25, 2021, provided a $162,296.21 RCV and a $120,701.29 ACV, and awarded "the amounts established above for the described loss." The "described" or type of loss on the appraisers' itemized report was "Hail." The Andersons and State Farm estimates also state the "Type of Loss" was "hail and wind damage" and "Hail" or "Windstorm and Hail," respectively. According to the appraisers, they examined the information, facts, and evidence of record notwithstanding coverage, loss causation, or any other policy exclusions, and determined the "loss and value of same." The appraisers did not decide that the loss was covered by the policy or determine the cause of the loss. Nor does the policy allow the appraisers to make such a determination. *See supra* ¶ 11. The appraisers' award and itemized report was limited to the amount of the loss.

**¶14** But the court found that the "appraisers acted within their authority" to determine the "*property damage* caused by the covered loss event" after "State Farm decided to cover property damage resulting from a particular loss." (Emphasis added.) Based on this, the court concluded that the "appraisers' findings of fact as to causation are binding on the parties, and State Farm is not entitled to go through the appraisal and pick out those items that it believes were not caused by the covered loss event in the guise of litigating the issue of coverage." The court further described State Farm's argument that the award should not be confirmed as taking "a second bite at the apple after appraisal" and inconsistent with "the rationale behind the appraisal process."

**¶15** On appeal, and at oral argument before this Court, the Andersons contend that by determining the loss amount, the appraisal award implicitly determined causation and coverage. Thus, despite the policy limitations discussed above, the Andersons assert that causation and coverage cannot be litigated further. Echoing the superior court's order, the Andersons argue that State Farm should not be allowed to argue such issues post-confirmation and should have filed a declaratory judgment action to preserve any coverage or causation arguments before submitting to the appraisal process. We can easily reject this argument. The appraisal process is a "creature" of the insurance contract. *See Chang v. Siu*, 234 Ariz. 442, 447, ¶ 19 (App. 2014). And parties are "not required to mount a collateral challenge" to preserve an argument that an appraisal has exceeded its contractual authority. S*mith v. Pinnamaneni*, 227 Ariz. 170, 178, ¶ 25 (App. 2011) (quoting *MCI Telecomms. Corp. v. Exalon Indus., Inc.*, 138

F.3d 426, 430 (1st Cir. 1998)). Instead, we have rejected any requirement of "a pre-arbitration judicial determination of arbitrability" because Arizona law specifically allows a party to "object to confirmation of the award on the ground that 'the arbitrators exceeded their powers.'" *Brake Masters Sys., Inc. v. Gabbay*, 206 Ariz. 360, 363, ¶ 6 (App. 2003) (quoting A.R.S. § 12-1512(A)(3)).

**¶16** We conclude that the appraisers did not decide causation and coverage issues and did not exceed their authority under the policy. However, the superior court erred in finding the appraisal award dispositive as to those issues and in faulting State Farm for opposing confirmation while causation and coverage issues remained unresolved. Thus, we vacate the superior court's order confirming the appraisal award to the extent it determines causation or coverage and remand for further proceedings. We also vacate the judgment based on the confirmed appraisal. We express no opinion on how causation and coverage issues should be resolved.

**¶17** State Farm also requests, "in addition to reversing the order in this case," that we adopt the "well-reasoned solution" in *6700 Arrowhead Owners Ass'n v. State Farm Fire & Cas. Co.*, No. CV-12-1677-PHX-DGC, 2012 WL 5868969 (D. Ariz. Nov. 19, 2012). The Andersons similarly highlight federal and other state court cases that consider the extent to which appraisers may determine causation when evaluating the amount of loss for a covered event. But because the policy's appraisal provisions govern and determine the scope of an appraiser's authority, we decline their invitations either to adopt or rely on the cited cases. *See Andersen*, 102 Ariz. at 517.

## II.     Attorney Fees & Costs.

**¶18** State Farm argues that "A.R.S. § 12-341.01(A) does not provide a statutory basis authorizing an interim award of fees, before final disposition on the merits of the parties' contract claims and defenses." We review a court's award of attorney fees and costs for an abuse of discretion, *Skydive Ariz., Inc. v. Hogue*, 238 Ariz. 357, 369, ¶ 50 (App. 2015), "and will affirm unless there is no reasonable basis for the award," *Hawk v. PC Vill. Ass'n, Inc.*, 233 Ariz. 94, 100, ¶ 19 (App. 2013). The application of statutes authorizing an award of attorney fees and costs is a question of law we review de novo. *Skydive Ariz., Inc.*, 238 Ariz. at 369, ¶ 50.

**¶19** Under A.R.S. § 12-1514, the court confirming an arbitration award may award attorney fees and costs incurred during the confirmation

proceedings. *See Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co., Inc.*, 180 Ariz. 148, 153–54 (1994) ("[W]e find it unnecessary to consider attorney's fees based on A.R.S. § 12–341.01 because we find that fees for the confirmation can be awarded under the Uniform [Arbitration] Act itself."); *Steer v. Eggleston*, 202 Ariz. 523, 528, ¶ 23 (App. 2002) ("We are permitted under A.R.S. § 12–1514 to award attorneys' fees incurred during the confirmation stage."). Here, the Andersons sought to confirm the appraisal award and obtained a confirmation of the award under A.R.S. § 12-1514, which permits the "confirming court" to award attorney fees and costs "to a prevailing party for the fees incurred in the confirmation proceeding itself." *See Canon Sch. Dist. No. 50*, 180 Ariz. at 154. But because we decide the superior court erred to the extent it determined issues of causation and coverage in confirming the appraisal award, the court erred in awarding the Andersons their attorney fees and costs, as the prevailing party, on those issues. *See id.* Thus, we need not review the award under A.R.S. § 12-341.01(A). *See Hawk*, 233 Ariz. at 100, ¶ 19; *Canon Sch. Dist. No. 50*, 180 Ariz. at 153 (quoting *Pima County v. Heinfeld*, 134 Ariz. 133, 134 (1982) ("[W]here two statutes deal with the same subject, the more specific statute controls.")).

**¶20**        We vacate the court's attorney fees and costs award and remand to the superior court for a redetermination of attorney fees and costs consistent with this decision.

### III.    Attorney Fees & Costs on Appeal.

**¶21**        State Farm requests its attorney fees and costs on appeal under A.R.S. § 12-341.01(A) and *Wagenseller v. Scottsdale Mem'l Hosp.*, 147 Ariz. 370, 393–94 (1985). The Andersons request their attorney fees and costs on appeal under A.R.S. §§ 12-331, 12-332, 12-341, 12-341.01(A), and 12-342, and ARCAP 21. "Even when attorneys' fees are authorized by contract or statute, we may still exercise our discretion to deny an award of attorneys' fees on appeal." *Premier Consulting & Mgmt. Sols., LLC v. Peace Releaf Ctr. I*, --- Ariz. ---, ---, ¶ 73, 544 P.3d 658, 673 (App. 2024). We exercise our discretion to deny attorney fees on appeal. But because we vacate the court's order and remand for further proceedings, State Farm is entitled to recover its taxable costs incurred on appeal upon compliance with ARCAP 21. *See cf. Steer*, 202 Ariz. at 528, ¶¶ 23, 25 (permitting this Court to award costs on appeal under A.R.S. § 12-1514).

## CONCLUSION

**¶22** For the above-stated reasons, we vacate the court's order confirming the appraisal award and the judgment based on that appraisal award. We remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:     AGFV